## International & Great Northern Railway Company v. Martin Hinzie, Guardian.

### No. 3123.

1.  **Practice — General Demurrer.** —When a general exception is addressed to a pleading it is the duty of the court to extend to it every reasonable intendment.  See petition held sufficient on general exception in stating a cause of action in favor of a minor employe injured through negligence of employer.

2.  **Release by Parent of Damages to Minor.**—The release by a parent to an employer, upon a minor son being hired, of all claims for damages for injuries the minor may receive in the employment, extends to such damages as the parent would have been entitled to recover, but for the release, up to the majority.  Such release does not affect the right to damages by the minor save to extent his parent might claim.

3.  **Master and Servant — Duty of Master.** — It is the duty of a railway company to establish regulations which would advise its servants moving cars at a station

of the duty of care against injuring other employes at work and liable to injury from the movement of cars upon the switch tracks. It should also provide means by which employes on such tracks should be notified of the approach of moving cars. Such regulations should be published and made known to its employes.

4. **Same.**—A railway company can not avail itself of a rule which it has not properly published, and which it has uniformly neglected to enforce. See example.

5. **Pleadings—Allegation of Facts.**—It was averred in petition that plaintiff was 16 years of age, that he had been in employ of the defendant company for two months in the *paint* shop. This was a sufficient allegation of his youth and inexperience. It was not necessary that plaintiff should in express terms claim the benefit of these facts. The pleader is not required to allege the inferences to be drawn from facts stated.

6. **Vice Principal.**—It was shown that plaintiff was injured while at work under direction of one Roscoe. Roscoe could employ or discharge employes in the paint shop. He was the foreman in the paint shop and plaintiff was an employe in the shop. Roscoe therefore represented the company as a vice principal.

7. **Youth and Inexperience.**—Youth and inexperience are matters of fact to be taken by the jury, when alleged and proved, with all the other facts in determining whether contributory negligence was shown on part of an employe injured by negligence of master. The duty of the master increases with the youth and inexperience of the employe.

8. **Verdict Not Excessive.**—A verdict for $9000 against a railway company for personal injuries of an employe held not excessive. One leg had to be amputated, an arm was crippled, and severe spinal shock sustained.

APPEAL from Anderson. Tried below before Hon. F. A. WILLIAMS. The opinion states the case.

*Gould & Camp*, for appellant.—1. Chapman's parents had the right to bind themselves and him by a contract of labor, and to release defendant in said contract from liability for injuries, and such contract would estop them and him from claiming damages, especially during his minority.

2. If Chapman knew the dangerous position he was in, and voluntarily engaged in the work, he assumed the risk of said danger, and can not recover, and the court should have so instructed the jury. Railway v. Lempe, 59 Texas, 19; Railway v. Veits, 18 Am. and Eng. Ry. Cases, p. 11; Youll v. Railway, 21 Am. and Eng. Ry. Cases, p. 589; McGinnis v. Railway, 18 Id., p. 135; O'Rouke v. Railway, Id., p. 19.

3. It is error to submit to the jury any issue not made by the pleadings or evidence, especially when the verdict must have been based on such an issue. Loving v. Dixon, 56 Texas, 76; Blanton v. Mayes, 58 Texas, 422; Railway v. Gilmore, 62 Texas, 391; Cook v. Dennis, 61 Texas, 246; Railway v. Faber, 63 Texas, 344; McKin. on Fel. Serv., p. 83, sec. 30.

*Greenwood & Greenwood,* for appellee.—1. If the service in which Chapman was engaged was dangerous, it was the duty of appellant to

use all reasonable and necessary means to protect him while thus engaged against any superadded danger that might be expected to arise from extrinsic causes; hence when appellant put Noel Chapman, a youth with only sixty days experience in his work, and only 16 years of age, to painting a car on a switch from the main railway track in the company's yards, it was incumbent upon appellant to use due care to protect him from danger arising from passing engines while thus engaged.  Railway v. Watts, 63 Texas, 549; 7 Am. and Eng. Encyc. of Law, p. 828; Railway v. Fox, 31 Kans., 586; 15 Am. and Eng. Ry. Cases, 325.

2.  If a servant of tender and youthful age, and without experience, as a consequence of youth, is placed at work in a dangerous place in the repair of a car on a railway track, and the master is aware of such danger and that the servant is at work at such a place, it is the duty of the master to use all necessary means to protect such servant while thus engaged in his service, and to fail to do so is negligence upon the part of the master.  Railway v. Watts, 63 Texas, 549; Luebke v. Railway, 15 Am. and Eng. Ry. Cases, 183; Railway v. Garcia, 75 Texas, 583; Railway v. Carleton, 60 Texas, 397; Railway v. Williams, 75 Texas, 4; Baldwin v. Railway, 15 Am. and Eng. Ry. Cases, 166; Goodfellow v. Railway, 8 Am. and Eng. Ry. Cases, 45; Car Co. v. Parker, 100 Ind., 181; Jones v. Mining Co., 66 Wis., 268; Same Case, 57 Am. Rep., 269; Railway v. Fox, 31 Kans., 586; Same Case, 15 Am. and Eng. Ry. Cases, 325; Railway v. Moore, 29 Kans., 632; Green v. Banta, 48 N. Y., 156.

TARLTON, Judge, *Section B.*—This appeal is prosecuted from a judgment for $9000, rendered May 2, 1890, by the District Court of Anderson County, in favor of Noel Chapman, a minor, suing by his guardian Martin Hinzie, and against appellant, the International & Great Northern Railway Company.  The suit is for damages for personal injuries sustained by Chapman while in the employment of the railway company.  The injuries are alleged to be due to the negligence of the company.

On November 13, 1888, Noel Chapman, a youth about 16 years old, was engaged as a painter in the car department of the company.  He had been an employe of the company about four months—working two months in the blacksmith shop and two months in the paint shop and in connection with it.  One A. W. Roscoe was the foreman of the paint shop and of the plaintiff.  Roscoe was authorized to employ and discharge hands in connection with the paint shop.  On the day stated, Chapman was ordered by Roscoe to go out and paint a certain door, and if one "Harrington needed help, to stay and help him."  Plaintiff went, in obedience to the order, and finding that Harrington had already painted the door, he communicated to the latter his orders and asked him what to do.  Harrington pointed to a string of cars leading

from the track between the stock pens and coal bin. The two then went to work blacking castings on the string of cars. This work was under the direction of foreman Roscoe, who had ordered the parties to paint at this particular place, which was unusually dangerous, as the foreman knew. Chapman had been ordered by Roscoe to work under the direction of Harrington while with him. Chapman on this occasion reached the string of cars first, and began work at once at the east end, which was nearest the paint shop, while Harrington passed on to the west end. The car on which Chapman was at work was a stock car, the sides and ends of which were made of slats at intervals of three inches. A loud noise prevailed, due to the machinery in the machine shop, the blacksmith shop, the movement of the switch engine moving trains in and out on the numerous tracks, and the sounds of hammers and other mechanical appliances. After Chapman, under these circumstances, had been at work about twenty minutes, a switch was thrown, and an engine and four cars "kicked in" about one hundred and twenty feet from the west on the string of cars on the side track. Chapman was standing up blacking castings at the time. He was thrown down, and one car and a half (or three pairs of trucks) passed over him. His leg was mashed from the foot to a point above the knee, and so injured as to require amputation. A brakebeam struck his arm, crooking and twisting it, and leaving it in such condition as, in the opinion of a physician, to render it hereafter useless, necessitating possible amputation. Chapman did not hear the engine come in, and did not hear the cars bumping together; he was not looking for cars to come in on him; nor was he listening for them; though he "knew that cars were liable to be run in on that track at any time." He looked to the company to protect him from danger from moving trains; he was not warned of danger when ordered to go to work on the string of cars. When the switch was thrown, the switchman said to Harrington: "Look out there! is there any one at work on those cars below here?" Harrington hallooed to Chapman, but the latter did not hear him till he had hallooed a second time, when Chapman was under the moving cars. From this position Harrington ran and jerked him, thus preventing the oil boxes from striking his head.

The company had signal flags for the protection of workmen in the yards, and it had ordered that all men working on sidetracks should use them for their own protection. A rule of the company also required switchmen to give notice to men at work on sidetracks whenever a switch engine was coming in. Neither the superintendent of the car department nor Roscoe, the foreman of the paint shop, had informed Chapman of the rule in reference to signal flags. Chapman had no knowledge from any source of such a rule; nor had the painters received any orders to use signal flags.

In appellant's first assignment of error, it is claimed that the court below erred in overruling defendant's general demurrer to plaintiff's petition.

We do not deem it necessary to set out elaborately the averments of the petition.  It alleges the order to plaintiff by defendant's master workman (Roscoe) to engage in the work specified; the dangerous character of the service; the duty of defendant to exercise due care to protect him from danger arising from moving trains of cars being propelled by steam engines, and to use all reasonable and necessary means to protect plaintiff against any superadded danger that might be expected to arise in so dangerous a service; the negligent failure of the defendant to comply with this duty, with the facts constituting the negligence (though plaintiff was himself in the exercise of due care), and the injury, with its extent and character, to plaintiff consequent upon the negligence of defendant.

Whenever a general exception is addressed to a pleading it is the duty of the court to extend to it every reasonable intendment.  The demurrer was properly overruled.  47 Texas, 619, Rule 17; Railway v. Montier, 61 Texas, 122; Martin v. Brown, 62 Texas, 467.

Among the defenses included in defendant's answer was a contract in writing, signed by John Paisley and N. C. Paisley, recited in the instrument to be the step-parents of Noel Chapman.  This was a contract with the company.  By the terms of this contract John Paisley and N. C. Paisley released the company "from any and all liability for any injury Noel Chapman may sustain while in the employment of the company; and for any and all liability for the value of his services during the term of his minority."  If these step-parents be considered as parents of Chapman, with the consequent rights and duties of parents, they could waive only what they were entitled to.  They would be entitled in that event to the value of the labor and services of the minor until his majority.  Their relinquishment could extend no further.  Tyler on Infancy, pp. 274, 275.  They could not so contract as to exempt the company from responsibility to the minor for permanent injury inflicted upon him.  The evidence at a subsequent stage of the proceedings showed that Mrs. N. C. Paisley was the mother, and not the step-parent, of Chapman, and the court incorporated in its charge the following instruction: "He (Chapman) will be entitled to such sum as will fairly compensate him in money for diminution in his capacity to labor and earn money, consequent upon such permanent injuries (previously stated), from the time he shall arrive at the age of 21 years until the end of his life.  He is not entitled to recover for loss of time or diminution of his capacity to make money from the time of his hurt until his arrival at the age of 21 years, as that would belong, if to any one, to his parents."  The rights of the appellant in this aspect of the case

were fully guarded. There is no merit in the complaint that the demurrer to the contract was sustained.

Appellant next contends that the court erred in refusing the following special requested instructions:

"1. If you believe from the evidence that Noel Chapman at the time of his injury was at work at an extra dangerous place, and he knew it, and knew that no warning signals or flags were out, and he demanded none, then he assumed the risk of the danger, and can not recover.

"2. If defendant company had rules requiring men to use flags when working in dangerous positions, and the company had flags for such purpose, and plaintiff failed to use said flags or call for them, then he assumed the risk of his dangerous position, and can not recover."

Under the penalty of being deemed guilty of contributory negligence, the first of these instructions imposes it as a duty upon plaintiff to demand of the company warning signals, without reference to whether, under the evidence, he knew that the company had provided for such signals; the second exacts knowledge on the part of plaintiff that the company had rules requiring men to use flags, without reference to whether the company had or had not published these rules or brought them to the knowledge of its employes. These instructions were, in our opinion, properly refused as being without support in the testimony. The evidence was emphatic that the plaintiff had never been apprised of the regulation requiring the use of flags or signals; that he had no knowledge that the company had provided them, nor had any orders with reference to them been delivered to him or to his co-employes in the paint shop. It is quite needless to repeat the proposition, so often announced, that an instruction must conform to the evidence. "It was the duty of the defendant to establish regulations which would have advised its servants who were engaged in moving cars on to the track where plaintiff was at work of his position, and it should also have provided adequate means of warning him of the approach of danger." Railway v. Hall, 78 Texas, 660, and authorities cited. It can not be said that such regulations are established until the company has caused them to be published or to be brought to the attention of the persons to be affected by them. They surely can not bind without promulgation. A railway company can not avail itself of a rule which it has not properly published, and which it has habitually neglected to enforce. Wood's Mast. and Serv., secs. 776, 777; Sprong v. Railway, 58 N. Y., 56; Fay v. Railway, 15 N. W. Rep., 242.

Appellant's fourth assignment of error is as follows: "The court erred in failing to instruct the jury fully as to the character and extent of defendant's defense, and thereby caused the jury to believe that the

court ignored the defense of contributory negligence and the negligence of fellow servants."

We are not called upon to notice this assignment. It does not inform us in what respect the charge failed to instruct the jury as to the character and extent of the defense, nor how the jury were caused to believe that the court ignored the defenses alluded to. We are not required to resort to the propositions under the assignment in aid of the latter. Cannon v. Cannon, 66 Texas, 685. We have, however, examined the charge, and it impresses us as being quite explicit and elaborate in regard to the defenses alluded to. It gives due prominence to the defense of contributory negligence, and expressly instructs the jury that "negligence of the men operating the engine and cars would not make defendant liable."

Appellant next complains that the court erred in the following charge to the jury: "But if Chapman by reason of youth and inexperience did not know and understand the hazards of the work in which he was engaged when hurt; and if defendant, or those of its employes who put Chapman to work there, knew or ought to have known this; and if those employes of defendant to whose orders or direction Chapman was subject in discharging his duties to defendant knowingly put Chapman to work in a place of unusual danger, then it was their duty to give him reasonable warning of such danger and suitable instructions to enable him to understand his situation and protect himself."

It is urged by appellant that the question of the youth and inexperience of plaintiff should not have been submitted by the court, "as that issue was not made in the pleadings or evidence;" that "plaintiff claimed nothing by reason of youth and inexperience;" that "the petition did not allege, nor did the evidence show, that plaintiff was not fully aware of the danger of his position when hurt." It was averred in the petition that plaintiff was about 16 years of age, and that he had been for two months employed in the paint shop of appellant. We are of opinion that this was a sufficient allegation of youth and inexperience to justify the court in submitting the question. It was not necessary that plaintiff should in terms claim the benefit of these facts. The pleader is not required to allege the inferences to be drawn from the facts stated. Inexperience is known to be ordinarily a concomitant of youth. It was further alleged, in substance, that without warning or intimation of danger to plaintiff the defendant negligently caused the injuries described. There was evidence to establish these averments, and to show that defendant's employe A. W. Roscoe, who put Chapman to work, knew the hazards of the service, and without warning subjected him to these hazards. Roscoe was not a mere fellow servant of plaintiff. The witness W. P. Siddons, the superintendent of the car department, testified, that "Roscoe had the power to employ and discharge men with his consent (or by consulting witness). Roscoe *could*

*employ or discharge employes in the paint shop.*" He was the foreman of the paint shop, and plaintiff was an employe in the paint shop. Roscoe, therefore, represented the company as a vice principal. Railway v. Williams, 75 Texas, 4. Appellant's brief indicates to us a misapprehension of the record in the statement that "Chapman alleged and proved that he knew the danger of his work." It is true that he alleges that the service was one of great danger, but he does not allege that he knew that fact at the time he was performing the work. This knowledge might have been the result of the bitter experience which he subsequently underwent. It is true also that he knew that cars would probably at any moment be switched on to the sidetrack on which he was at work; but this would not necessarily, or even probably, import that he knew that appellant would neglect to give him adequate warning of their approach, and that it was hence unsafe for him to perform the work in obedience to his orders. The mere fact that he knew that cars would be probably switched in upon the sidetrack, would not preclude a recovery by him, unless he also knew that it was unsafe to continue his labor; and this was a question for the jury. Wood's Mast. and Serv., sec. 775.

The court, immediately after the charge above set out, referred this question to the jury, under the following instruction: "But if the risk to which Chapman was exposed and through which he was hurt was known to him, or was such as with his age, experience, and opportunities he ought reasonably to be supposed to have foreseen, then he can not recover." Under the pleadings and evidence in this case, we think that the court properly submitted to the jury the question of the plaintiff's age and experience. These are matters which, when they legitimately arise in a case, are to be considered in determining whether or not contributory negligence exists. The duty of the master increases with the youth, inexperience, or incapacity of the minor employe. Railway v. Carlton, 60 Texas, 397; Railway v. Garcia, 75 Texas, 584.

Appellant's concluding assignment of error is as follows: "The court erred in overruling defendant's motion for a new trial, because the verdict was contrary to the law and the evidence and was excessive in amount."

This assignment, in its reference to the law and the evidence, is so general as not to require us to dissect or analyze the facts of the case. It does not point out in what respect the verdict is contrary to the law and the evidence. It must appear, however, from the remarks already made, that in our opinion the record supports the verdict. We do not think the verdict excessive.

We abstain from dilating upon the character of the misfortune that befell the plaintiff. The inconvenience and the pain resulting from it will cease only with his life. His mental and physical anguish must

have been great. He was formerly healthy and active; he is now bereft of a limb, practically deprived of the use of an arm, and suffering from the effects of a severe concussion of the spine. There is no evidence that the jury in reaching their verdict were moved by passion or prejudice. Railway v. Brazzil, 78 Texas, 314; Bonner v. Wingate, 78 Texas, 333; Railway v. Robinson, 79 Texas, 608.

The judgment should, in our opinion, be affirmed.

*Affirmed.*