ROSSETTI v. BENAVIDES. (No. 5844.)

(Court of Civil Appeals of Texas. San Antonio. April 25, 1917. Rehearing Denied May 23, 1917.)

1. WILLS ⬤⟊63 — CONSTRUCTION — ESTATES CREATED.

A mutual will of a husband and wife, giving the survivor a life estate, and upon his or her death devising the homestead in fee to an adopted child and a son of a deceased adopted child, when adopted and ratified by the widow, who survived, vested an undivided half interest in the homestead in each of the named remaindermen.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 171.]

2. APPEAL AND ERROR ⬤⟊911(1)—SCOPE OF REVIEW—PRESUMPTIONS.

When the record is silent as to the appointment of a special district judge by consent of the parties to a case, which the regular judge is disqualified to try, the appellate court must presume, in the absence of exceptions in limine, that the parties exercised their constitutional right to empower the special judge, by consent, to try the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3682–3684.]

3. DESCENT AND DISTRIBUTION ⬤⟊90(4)—ESTABLISHING TITLE—EVIDENCE—ADMISSIBILITY.

Where one remainderman and a life tenant gave a deed of trust to extinguish a debt of the remainderman, evidence of the consideration given to such person was inadmissible as irrelevant in a suit by heirs of the other remaindermen to establish their title.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 356, 357, 372, 373, 379, 380.]

4. APPEAL AND ERROR ⬤⟊1057(1)—HARMLESS ERROR.

Error, if any, in excluding a clause of an amended answer in suit for title, possession, and rents of real estate under a will, pleading that plaintiffs claimed under testator's adopted child, when as matter of law such a child could not inherit, was harmless, where the evidence showed that they claimed under a child of such adopted child, who received a specific devise in the will.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4194–4196.]

5. APPEAL AND ERROR ⬤⟊994(3)—TRIAL ⬤⟊ 140(1)—SCOPE OF REVIEW.

The trial court is the judge of the credibility of witnesses and weight of their testimony, and its conclusion binds the court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3904–3905½; Trial, Cent. Dig. § 334.]

6. ESTOPPEL ⬤⟊118 — EVIDENCE — SUFFICIENCY.

Evidence held insufficient to destroy the title of an heir by estoppel.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 306, 308.]

7. MORTGAGES ⬤⟊316—TRUST DEEDS—REVIVAL OF LIEN.

Where a trust deed was canceled for consideration, it could not after a number of years be revived so as to affect the right of another claimant as to whom it was void from the beginning.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 949–954.]

8. APPEAL AND ERROR ⬤⟊714(5)—SCOPE OF REVIEW—RECORD—SUFFICIENCY.

Where the attorneys and the judge could not agree upon a correct statement of the evidence, evidence not brought to the court on appeal except by statement in the appellant's brief could not be considered.

9. APPEAL AND ERROR ⬤⟊501(5)—SCOPE OF REVIEW—PRESERVATION OF EXCEPTIONS.

Where it does not appear from the record that appellees excepted to the judgment and caused the exception to be noted on the record of the judgment entry, as required by Rev. St. 1911, art. 1991, and they filed no cross-assignment in the trial court, an assignment on appeal cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2305.]

Appeal from District Court, Webb County; Ed H. Wicks, Special Judge.

Suit by Mrs. Aurelia Benavides, for herself and as next friend for her minor son, Lazaro Garza Ayala Benavides, against John T. Rossetti and another. Judgment for plaintiffs in part, and for defendant named in part, and defendant named appeals. Affirmed.

H. G. Dickinson and W. Threadgill, both of Laredo, for appellant. Greer & Hamilton, of Laredo, for appellee.

SWEARINGEN, J. This is a suit by appellee, Mrs. Aurelia Benavides, for herself and as next friend for her minor son, Lazaro Garza Ayala Benavides, against appellant, John T. Rossetti, and Juan Benavides, to recover title and possession and rents for the use of an undivided one-half of lot 5, in block 41, in the Western division of the city of Laredo, Tex., and an undivided one-fourth of 498 acres of land out of porcion No. 5

in Webb county, Tex. The cause was tried before a special judge, appointed by the Governor after it was certified that the regular district judge was disqualified to try this cause. The cause was tried without a jury. Judgment was rendered in favor of appellee for an undivided one-half of the lot No. 5 in the city of Laredo and the rents therefrom of $686.42, after deducting amount paid by appellant for taxes on this undivided half of the lot, and judgment was rendered in favor of appellant for the undivided one-fourth interest in the 498 acres of land out of porcion No. 5; and judgment was rendered, upon exception of appellant, dismissing Juan Benavides from the suit.

From the pleadings it appears: That the community estate of Santos and Augustina Benavides was the common source. That the city lot No. 5 was the homestead of the above-named husband and wife. That a mutual will was executed jointly by Santos and his wife, Augustina, dated January 12, 1887, by the terms of which the survivor was to retain a life estate in the homestead, and upon the death of the survivor the homestead was to vest in fee in Juan Benavides, one of the adopted children, and Francisco Garza Ayala Benavides, a son of the other adopted child, Augustina, who died before this mutual will was executed, which fact was stated in the will which expressly names Francisco and Juan Benavides and their heirs as the devisees under the will after the decease of both makers of the mutual will. The husband, Santos Benavides, died first, and, upon petition of his widow, the mutual will was duly probated, and, as directed therein, the widow, Augustina, qualified as independent executrix of the mutual will, without bond. Lot No. 5 was inventoried as assets of the community estate of the makers of the mutual will. The executrix never repudiated the contract merged into the terms of the will, but adopted and ratified same after the death of her husband, Santos, one of the joint makers of the mutual will. It further appears from the pleading that Francisco Benavides married Aurelia Benavides, and that Lazaro Garza Ayala Benavides was the son of this marriage, and that upon the death of Francisco in 1913 all his interest in the estate vested by the mutual will passed by descent to the widow, Aurelia, and minor son, Lazaro. The interest inherited by Aurelia and her son from Francisco was an undivided one-half interest in the town lot No. 5. This was the interest devised to Francisco by the mutual will. The other undivided one-half interest was devised by the mutual will to Juan Benavides, one of the adopted children. This mutual will of Santos and Augustina was never probated as the will of Augustina after her death in 1904. The title to town lot No. 5 vested in Juan and Francisco upon the probate of the mutual will, subject to a life estate in the surviving spouse, Augustina. Upon her death, in 1904, this life estate became extinguished. It further appears from the pleadings that appellant became a creditor of Juan, one of the adopted children, after the death of Santos and before the death of Augustina, makers of the mutual will. After the indebtedness was made, Juan and his foster mother, Augustina, executed notes for the previously existing indebtedness of Juan to appellant and to secure same executed deeds of trust creating a lien upon said lot No. 5 in favor of appellant. Subsequently, after the death of the foster mother Augustina, Juan, joined by his wife, executed a warranty deed to said lot No. 5 to appellant, in consideration of the cancellation of the notes and release of the deeds of trust above mentioned.

It is pleaded that by virtue of the deeds of trust or the deed that appellant has a lien or title to all of said lot No. 5. It is further pleaded that lot No. 5 was given by parol to Juan when a boy by Santos and wife, Augustina; that appellant and grantor had adverse possession for five years claiming under a deed duly registered; that he had adverse possession for ten years; that after the said deeds of trust were executed and the indebtedness matured, but before the warranty deed was executed by Juan to appellant, Juan told Francisco of the indebtedness and deed of trust lien securing same and requested Francisco to pay the debt and acquire the entire title to the said lot, which was refused by Francisco. Thereafter, Juan deeded the entire interest, his own and Francisco's, in payment of Juan's debt to appellant. It is claimed by appellant that the last-mentioned facts estopped Francisco, and of necessity his heirs, the appellees herein, from claiming Francisco's undivided one-half interest in said lot No. 5.

It appears that there was no administration of the estate of Francisco Benavides, and none necessary.

The evidence sustains all of the allegations of appellee and fails to sustain the defense allegations of appellant of a parol gift to Juan Benavides, five or ten years' limitation, or estoppel.

[1] Our conclusion of law is that the mutual will, in view of the facts of adoption and ratification by the surviving widow, vested an undivided one-half interest in the Laredo lot No. 5 in Francisco, which was inherited by appellees, heirs of Francisco, and the other undivided one-half interest in Juan Benavides, vendor of appellant. Larrabee v. Porter, 166 S. W. 395.

Appellant's first assignment, embracing the first paragraph of their motion for new trial, assails the authority of the special district judge to act because the parties never agreed that he should act as such special judge, and because the Governor, on December 21, 1914, had no power to appoint a special judge.

[2] As this assignment presents a question

195 S.W.—14

of fundamental error, we have examined the entire record for facts bearing upon it. The record shows that the regular district judge was disqualified to try this case and that fact was certified to the Governor as required by law. There is no evidence to show why the regular judge was disqualified, whether by reason of kinship to the parties, interest, or having been of counsel for the parties, and no evidence that he was not disqualified. Hence this court must conclude that the regular judge was disqualified. Where the regular judge is disqualified, the Constitution, by article 5, § 11, expressly authorizes the parties to a case, by consent, to appoint a proper person to try said case. The record contains no evidence that the parties to this case did not consent to appoint the special district judge in this case. Had it appeared that the parties failed to appoint the special district judge by consent, then we would have been compelled to have held that the special judge acted solely by virtue of his appointment from the Governor and to have held it void. Oates v. State, 56 Tex. Cr. Rep. 571, 121 S. W. 370. But when the record is silent as to the appointment of a special district judge by consent of the parties to a case, which the regular judge is disqualified to try, this appellate court must presume, in the absence of exceptions in limine, that the parties exercised their constitutional right to empower the special judge, by consent, to try the case. Davis v. Bingham, 46 S. W. 840; Texas Central Ry. Co. v. Rowland, 3 Tex. Civ. App. 165, 22 S. W. 134; Schultze v. McLeary, 73 Tex. 94, 11 S. W. 924; Shultz v. Lempert, 55 Tex. 273; Dunn v. Home Nat. Bank, 181 S. W. 700.

The first assignment is overruled.

The second assignment complains of that ruling of the trial court which excluded from evidence two promissory notes and two deeds of trust on the property involved in his suit securing the payment of the notes. The notes and deeds of trust were executed by Augustina V. de Benavides, the surviving maker of the mutual will, and her adopted son, Juan Benavides, for the benefit of John T. Rossetti, appellant. All four of these instruments were canceled by appellant upon receipt by appellant of a warranty deed executed after the death of the foster mother by the adopted son, Juan Benavides, joined by his wife, and describing the property herein involved.

[3] Why the ruling was error was, according to appellant, that the cancellation of the instruments show a valuable consideration for the execution of the deed. The ruling was not reversible error, if error. Consideration received by Juan Benavides or his foster mother is not an issue in this case. It is wholly immaterial what they received from appellant.

The question involved in the suit is: What did appellant receive through the deed from Juan Benavides, joined by his wife. Appel-lant certainly did not receive by that deed title to appellee's property or interest in the property, which is all that appellees sue for. The evidence of consideration for the deed is irrelevant and tends to confuse. The assignment is overruled.

Upon exception by appellees to a clause of appellant's second amended answer, the court excluded the clause complained of in the third assignment. The clause excluded was a legal conclusion based upon a misconstruction of the cause of action pleaded and subsequently proven, we think, and reads as follows:

"That said Francisco Garza Ayala Benavides, neither at the time of his death nor at any time, was ever entitled to any part or portion of the interest of said Augustina V. de Benavides in the premises described in plaintiff's first amended petition, because his mother, Augustina Benavides Ayala, was only an adopted child of said Augustina V. de Benavides and she died long before the death of said Augustina V. de Benavides and she did not and could not inherit from her under the laws of this state, particularly under article 2466 of the Revised Statutes, and the plaintiff and her minor son, Lazaro Garza Ayala Benavides, claiming under said Francisco Garza Ayala Benavides, through his said mother, has no title to or interest in the part or portion of said premises owned by Augustina V. de Benavides at the time of her death."

[4] Appellees pleaded that Francisco Garza Ayala Benavides at the time of his death was the owner in fee-simple title and entitled to the possession of the property sued for. It was not claimed that Francisco acquired this by inheritance from his mother, the adopted daughter who died before the makers of the mutual will. It may be that appellant had the legal right to allege a source of title in appellees different from that alleged by appellant, and the court might very properly have overruled the exception; but, in view of the evidence subsequently introduced, such error, if any, was harmless, because it appears without dispute that appellees did not derive title from Augustina, the adopted daughter, but from Francisco, who was one of the named beneficiaries in the mutual will. That the mutual will effectively passed the title to Francisco as sued for, and that the appellees are the only heirs at law of Francisco.

The third assignment is overruled.

[5] The contention that the evidence shows that Santos and Augustina, the makers of the mutual will, made a parol gift of the property recovered in this suit by appellees, to Juan Benavides, which is presented in the fourth assignment, cannot prevail here, because it was a question of fact over which the trial court had controlling jurisdiction. That court was the judge of the credibility of the witnesses and their testimony, and his conclusion of the weight of the testimony binds us in this case. The surviving maker of the mutual will inventoried the lot involved as the community property belonging to her husband, Santos, and herself long aft-

er the date of the claimed gift. She continued to use it as her homestead long after that date. Against this was the testimony of Juan Benavides that when he was a child it had been given to him before the execution of the mutual will. This title by gift in Juan Benavides is claimed to have been purchased by appellant. Whether or not title was acquired by Juan Benavides by ten years' limitation was also determined as a question of fact by the trial court with sufficient evidence to support the court's finding.

The fourth assignment is overruled.

By the fifth assignment, error is hypothecated upon the theory that the undisputed evidence conclusively established that appellees were estopped from asserting title to Francisco's interest in the property. The facts relied upon to establish estoppel are that, after Francisco acquired title to the interest in the property sued for, and without his knowledge, the vendor of appellant borrowed money from appellant and attempted to create a lien on Francisco's interest by executing a deed of trust to the property; that subsequently, not being able to pay the debt and cancel the attempted lien, Juan Benavides, one of the adopted children, requested Francisco to pay the debt, which was refused. Thereafter, Juan deeded the entire title to the property to the creditor, appellant, in satisfaction of the debt. There were other statements by the witness Juan Benavides of a similar indefinite character.

[6] The court correctly held that the evidence was insufficient to destroy appellee's title to the property as shown by the recorded title papers by virtue of estoppel. It is apparent from the evidence that Juan and his vendee proceeded upon the legal conclusion that Juan, the adopted child, owned and conveyed the legal title to the lot, and that Francisco had no interest.

By the sixth assignment, it is claimed that the undisputed evidence shows that appellant acquired title to the property by ten years' adverse possession held by appellant and his vendor. This, again, is a question of fact determined against appellant by the trial court, with ample evidence to sustain its judgment.

[7] From the seventh assignment it appears that appellant feels aggrieved because the trial court failed to foreclose appellant's asserted lien, revived in the alternative for the special purpose of this trial, and order the property sold and proceeds equitably divided. Inasmuch as the lien had been expressly canceled years before the suit for valuable consideration and appellant received the consideration, we cannot believe the lien could be revived so as to affect any interest or right of Juan Benavides, and, as the lien was from its incipiency void as to any interest of appellees, we think the court correctly refused to enforce the canceled lien.

[8] By the eighth assignment, we are called upon to determine that it is fundamental error apparent upon the face of the record for the trial court to have made up and certified an incorrect statement of facts after the attorneys had notified him of their failure to agree upon a statement of the facts in evidence. From the very nature of the question presented, it is clear that this court cannot make a correct statement of evidence introduced in the trial court, but not brought to this court in any way except by statement in appellant's brief that certain other evidence was introduced. The proof relied upon by appellant to show that other facts were proven is that other evidence was pleaded by both sides. This is hardly worthy of serious consideration. The eighth assignment is overruled.

By cross-assignment appellees contend: That the court erred in its decree in so far as it awarded to appellant one-fourth of 498 acres of land out of porcion No. 5 in Webb county, Tex.

[9] This cross-assignment cannot be considered by us, because it does not appear from the record that appellees excepted to the judgment and caused the exception to be noted on the record of the judgment entry as required by article 1991 of the Revised Civil Statutes, and because this cross-assignment does not appear from the record to have been filed in the trial court. While it is copied in the briefs of appellees which were filed in this appellate court, none of the briefs filed here in this cause contains a certificate required by law that these briefs are copies of the brief filed in the trial court. Ike Levy v. Engle Bros., 192 S. W. 548; Gibbs v. Eastham, 143 S. W. 323.

The judgment is affirmed.