PELIPCHYK v. BORDEN.  (No. 7642.)

(Court of Civil Appeals of Texas. Galveston. Dec. 2, 1918.)

1. MASTER AND SERVANT ⟲258(19)—INJURIES TO SERVANT—PETITION—SUFFICIENCY.

A petition alleging that plaintiff, while a minor, 17 years old, was employed by defendant, that he was required to perform services in a cotton gin owned by defendant, that the machinery was negligently left exposed, that plaintiff was ignorant of the danger, that he was not warned, and that as a result he sustained injuries, *held*, as against general demurrer, sufficient to state a cause of action.

2. PLEADING ⟲34(3) — DEMURRER — GENERAL DEMURRER.

When a general demurrer is addressed to a pleading, it is the duty of the court to extend every reasonable intendment in its favor.

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Action by Konstantin Pelipchyk against A. P. Borden. From a judgment for defendant, after the sustaining of a general demurrer, plaintiff appeals. Reversed and remanded.

P. Harvey, of Houston, for appellant.

LANE, J. This suit was brought by plaintiff in error against defendant in error to recover for personal injuries suffered by him, which he alleged were caused by the negligence of defendant in error.

In his petition plaintiff in error makes the following allegations and prayer:

"That plaintiff is a minor, at present about 20 years of age, without a guardian of his person or estate, and resides in Harris county, Tex. Defendant is a resident of Wharton county, Tex., and during the year of 1913 owned and cultivated a farm or plantation, and employed thereon many men to till and cultivate and plant and harvest crops, and plaintiff was so employed. And defendant owned and operated on said farm or plantation a cotton gin, the machinery of which was moved and operated with great force and speed by high power, and the shafts, pulleys, flywheels, belts, and other machinery exposed and thus moving, operated, and revolving at a fast speed and great velocity and force constitute and are unsafe and dangerous tools, appliances, and machinery, and, when so operated and exposed as they were in said gin, rendered said gin an unsafe and dangerous place for plaintiff to be, remain in, or work.

"That on or about October 23, 1913, plaintiff, then a minor about 17 years of age, Russian by birth, and unable to understand the English language, was in the employ of defendant as a farm hand, and was required to till the soil, and do other common labor about said farm, and on or about said date plaintiff was for the first time ordered, required, or permitted by defendant, his agent or foreman in charge and with authority to enter, remain in, and perform work and services in said gin and about said exposed shafts, flywheels, pulleys, belts, and other machinery then being operated as aforesaid, and which was then and there an unsafe and dangerous place for plaintiff to work, plaintiff not knowing and being unable to understand and appreciate said danger, plaintiff never having worked in said gin, and being ignorant of the construction and operation of said machinery, and not being warned and advised by defendant, his agent or foreman in charge, of the danger of said machinery or place,, and when defendant employed plaintiff he knew of his minority and inexperience, and failed to explain to plaintiff the character of the work he would be called upon to perform, and to warn him of the dangers attending its operation, all of which was known to defendant, or by the exercise of ordinary care could have been known to him.

"And while plaintiff was performing the work and service in said gin as was required of him by the defendant, and while he was therein for a very short time, a sack being held by plaintiff, in some manner or other, and unknown to plaintiff, was caught and became entangled with a swiftly moving and revolving shaft, pulley, flywheel, belt, or other machinery, and plaintiff was jerked with such violence that his arm was torn and pulled off at his shoulder.

"That the direct and proximate cause of the injury to plaintiff, as aforesaid, was the act of omission of the defendant or his agent in ordering, requiring, or permitting plaintiff to enter, remain in, and perform work and services in said gin, the same being then and there an unsafe and dangerous place for plaintiff to enter, remain in, and perform work and services, and which was known to defendant; plaintiff being then and there young and unexperienced in any other work than that of common labor on a farm, which was known to defendant, or by the exercise of ordinary care could have been known to him.

"The failure of defendant to warn and advise plaintiff of the danger of said gin, pulleys, belts, and other machinery therein, and which was known to the defendant, or by the exercise of ordinary care could have been known, in having, maintaining, and operating said gin and place in an unsafe and dangerous condition by having said machinery exposed with set screws and other obstacles projecting, it being a common practice and with little expense, and well known to defendant, or by the exercise of ordinary care could have been known to defendant, the manner and method of making same safe by boxing, guards, and other approved ways. The failure of defendant to instruct his servants and agents to prevent plaintiff entering said gin, remaining therein and performing services and work therein, and the failure of defendant to instruct his agents and servants to keep plaintiff therefrom, and not to order him therein, and to keep him therefrom.

"That at the time of the injury to plaintiff, as aforesaid, he was 17 years of age, was uneducated, and was a laborer and earning $20 per month, together with board and lodging, and his services were reasonably worth that amount, and in the course of a few years his services would have been worth much more; that as a result thereof, the arm of the plaintiff was jerked and torn clear and free from his body, his shoulder blade was fractured, he was rendered unconscious, and his side was bruised, torn, and lacerated, and plaintiff was caused to remain in the hospital several months, and thus he was maimed and crippled for life, and otherwise wounded and bruised in many parts of his body, both externally and internally, and was subjected to a powerful mental and physical shock; and that by his injuries received, as aforesaid, plaintiff was caused to suffer great mental and physical pain, which will continue so long as he shall live, and his ability to earn money and make a living is thereby greatly impaired; all to his actual damage in the sum of $30,000.

"Wherefore plaintiff prays that defendant be cited to appear and answer herein, and that on a hearing hereof he have judgment for his damages, for costs of this suit, and for such and further relief as he may be entitled, for all of which he will ever pray."

To this petition the trial court sustained a general demurrer, and, upon the refusal of the plaintiff to amend, judgment was rendered for the defendant.

Plaintiff in error has appealed and has filed his brief in this court, and has assigned the action of the trial court in sustaining the general demurrer to his petition as error.

Defendant in error has filed no brief.

[1] We think the assignments should be sustained. While many, if not all, of the allegations, which attempt to charge actionable negligence on the part of defendant in error, are vague and to a degree indefinite and verbose, and for those reasons might have been subject to special demurrers if made and insisted upon, we think the petition as a whole is sufficient as against a general demurrer.

We think that it may be reasonably inferred from the allegations of the petition that

the plaintiff intended to charge that at the time he was injured he was a minor 17 years of age; that at such time he was an employé of the defendant, and that as such employé he was ordered, required, or permitted by the defendant, "or by his agent or foreman in charge and with authority, to enter, remain in, and perform work and services" in a certain gin owned and operated by defendant, in which the machinery used in its operation was negligently left exposed and uncovered in such manner as to render such gin a dangerous place in which to work; that plaintiff had never worked in the gin before, and was ignorant of its construction and the operation of said machinery, and did not know and appreciate the danger incident to such work, and that he was not warned by defendant, his agent or foreman in charge of said gin and machinery, of the danger incident to such work. He alleged his injury, and that the negligence alleged was the proximate cause of such injury. In support of the sufficiency of the petition as against general demurrer, see Lantry-Sharp Con. Co. v. McCracken, 105 Tex. 407, 150 S. W. 1156, and authorities there cited.

[2] The only question presented by this appeal is as to the correctness of the ruling of the trial court upon the general demurrer. It is a well-settled rule in this state that, when a general demurrer is addressed to a pleading, it is the duty of the court to extend every reasonable intendment in its favor. I. & G. N. Ry. Co. v. Hinzie, 82 Tex. 623, 18 S. W. 681; Parks v. State Bank, 34 S. W. 1044; Werner v. Kasten, 26 S. W. 322.

For the reasons pointed out, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.