to the selection of a special judge to try the cases pending against it and took an exception thereto.

We do not consider any of the authorities cited by appellee as applicable to the question presented. Some of them are reviewed in Dunn v. Bank, supra, and their distinguishing features pointed out.

[5] In Railway Co. v. Ankenbauer, 175 S. W. 1090, the record disclosed that the regular judge absented himself from the court and was unwilling to transact any of the further business of the court, and this clearly fell within the statute. Some of the authorities to which appellee refers are cases where a special judge agreed upon by the parties was trying a case and at the same time the regular judge was proceeding with the transaction of other business pending before the court, and it was held that they could at the same time transact business properly coming before each of them. In those cases the question of the authority of the special judge to act as such was not in question. The question presented in this case is quite different, and goes to the very foundation of the authority of the practicing lawyers present at the court to confer judicial authority upon an individual, when under the facts there was no statutory or constitutional authority for them to do so. There is no merit in the contention that the question must have been raised by proper assignment of error in the motion for new trial. The error is fundamental, and it makes no difference whether the error has been properly assigned or not.

[6] As to the contention that there is no bill of exception covering the matter, it is sufficient to refer to the minutes to show that exception was taken. If no bill had been taken, it would be immaterial. The record of the election shows the facts, and it is apparent that the judgment rendered by the special judge is a nullity, and the taking of a bill of exception was unnecessary to preserve the appellant's rights. Neither is there any merit in the contention that the facts stated show a mere irregularity of detail in the selection of the judge. Far more is involved than an irregularity of detail.

We do not desire to be understood as in any wise reflecting upon the regular judge by what has been said in the disposition of the question presented. We can readily appreciate the motive which disinclined him to try the appellant's cases. It was prompted by a doubt of the propriety of so doing, in view of the fact that he expected shortly to become appellant's attorney.

In view of the fact that the trial was an unauthorized proceeding, it is unnecessary, and we would perhaps not be justified in passing upon the other questions presented for review, arising out of errors urged to have been committed upon the trial. Dunn v. Bank and Pickett v. Michael, both supra.

Reversed and remanded.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.

---

## TEXAS & PACIFIC COAL CO. v. GARBUGO. (No. 737.)

(Court of Civil Appeals of Texas. El Paso. Nov. 8, 1917.)

Appeal from District Court, Erath County; J. B. Keith, Special Judge.

Action by Jim Garbugo against the Texas & Pacific Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Oxford and Chandler & Pannill, all of Stephenville, and J. R. Stubblefield, of Eastland, for appellant. Hickman & Bateman, of Stephenville, and Turner & Powell, of Ft. Worth, for appellee.

HIGGINS, J. This is an appeal from a judgment rendered in the district court of Erath county, tried before Hon. J. B. Keith, special judge. The facts in connection with the election of Judge Keith are shown in the opinion this day handed down in the case of Texas & Pacific Coal Co. v. Alvin Ready, 198 S. W. 1034, to which reference is here made for the facts.

For the reasons indicated in the opinion in the Ready Case, we hold that the trial in the instant case was an unauthorized proceeding, and the judgment rendered must be reversed.

Reversed and remanded.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.

---

## TEXAS & PACIFIC COAL CO. v. GRABNER. (No. 738.)

(Court of Civil Appeals of Texas. El Paso. Nov. 8, 1917.)

Appeal from District Court, Erath County; J. B. Keith, Special Judge.

Action by Gottfried Grabner against the Texas & Pacific Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Oxford and Chandler & Pannill, all of Stephenville, and J. R. Stubblefield, of Eastland, for appellant. Turner & Powell, of Ft. Worth, and Hickman & Bateman, of Stephenville, for appellee.

HIGGINS, J. This is an appeal from a judgment rendered in the district court of Erath county, tried before Hon. J. B. Keith, special judge. The facts in connection with the election of Judge Keith are shown in the opinion this day handed down in the case of Texas & Pacific Coal Co. v. Alvin Ready, 193 S. W. 1034, to which reference is here made for the facts.

For the reasons indicated in the opinion in the Ready Case, we hold that the trial in the instant case was an unauthorized proceeding, and the judgment rendered must be reversed.

Reversed and remanded.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.