H. Schultze v. J. H. McLeary.

No. 300.

1. **Disqualification of a District Judge.**—In a suit against the husband of a sister to the wife of a district judge if the defendant represents a right claimed by himself and wife in community, and if the judgment to be rendered against the husband would affect the community estate of himself and wife even to the extent of costs, then the wife must be considered within the meaning of article 5, section 11, a party to the suit, and the district judge disqualified from trying the cause.

2. **Statute Construed.**—Article 1092, Revised Statutes, whether considered alone or in connection with the Act of January 17, 1879 (Gen. Laws, p. 1), does not require that the parties to a suit in which a district judge is disqualified shall have the entire first term after suit brought in which to agree on a special judge; nor do either of them by implication forbid the appointment of a judge at any time when necessary if the parties fail to agree upon some one to act as special judge.

3. **Special Judge.**—A special judge who after trying a cause sets aside the judgment rendered by him, and from doubts regarding the disqualification of the district judge refuses to proceed with the cause, may be compelled by the Supreme Court to proceed with the trial so long as he holds the special appointment.

This was a motion filed in the Supreme Court for a peremptory writ of mandamus to compel J. H. McLeary, an attorney who had been appointed as special judge, to proceed with the trial of the case.

The opinion states the case.

*Geo. C. Altgelt,* for H. Schultze.

The defendant McLeary filed in response to the application for mandamus the following:

" *To the Honorable Supreme Court of Texas:* — In the above entitled cause comes the respondent, J. H. McLeary, special district judge, as is mentioned in relator's original petition, and waiving the issuance of any and all process, and especially waiving time and formalities, makes answer to said application for mandamus as follows:

"Respondent demurs to relator's original petition because he says that the same does not state facts sufficient to require him further to answer the same.

"Respondent prays the judgment of the court upon the sufficiency of said petition, etc.

"J. H. McLeary,

"Special Judge."

"If the foregoing demurrer is overruled by the court respondent answers further that on the hearing of the motion for a new trial it was agreed in open court by the respective attorneys for the parties that the only ground of disqualification which existed to prevent Judge G. H. Noonan from trying the case was the fact that L. Orynski, one of the de-

fendants, and Judge Noonan had married two sisters—the Misses Bowen
—and that this was the only relationship between them.

"And further answer this respondent maketh not.

"J. H. MCLEARY,
"Special Judge."

STAYTON, CHIEF JUSTICE.—There was an action pending in the District Court for Bexar County, in which the applicant was the plaintiff and L. Orynski one of many defendants.

The wives of the district judge and Orynski were sisters, and on this ground, during the first term after the action was brought, the parties not having agreed upon a special judge, the district judge certified his disqualification to the Governor, who appointed J. H. McLeary to try the cause. Under this appointment McLeary qualified and tried the cause, but on application for a new trial held that the district judge was not disqualified and that for this reason his own appointment was void. It seems also to have been held that an entire term must pass during which parties have failed to agree upon a special judge before the presiding judge is authorized to certify his disqualification to the Governor and ask the appointment of a person to try the cause.

After setting aside the judgment entered by him the special judge refused to proceed further with the cause, basing his refusal on the ground that his appointment was unauthorized.

The matter now before us is an application for mandamus to compel the special judge appointed to try the cause. The refusal of the special judge further to act is based on the ground that the facts existing did not disqualify the district judge, and that for this reason there was no authority to appoint a special judge.

The Constitution provides that "no judge shall sit in any case * * * where either of the parties may be connected with him by affinity or consanguinity within such degree as may be prescribed by law." Const., art. 5, sec. 11.

The Legislature has fixed the disqualifying degree at the third. Rev. Stats., art. 1090.

It is denied that the plaintiff in the action the special judge was appointed to try was related to the defendant therein, whose wife was a sister of the wife of the district judge, by affinity in any degree, and we have understood that in such cases no relationship of that character exists.

It does not follow from this, however, that the judge was not disqualified, and it ought not to be held upon mere conjecture that the certificate of disqualification sent to the Governor was not true.

It may be that the judge and Orynski were not related by affinity at all, but if the claim represented by the latter was one in which Orynski was but the representative of his wife who was so related, or if he was the

representative of a right claimed by himself and wife in community right, or if any judgment to be rendered in his favor or against him would affect the right of the wife through her community rights even to the extent of costs, then the wife of Orynski, within the spirit and purpose of the constitutional provision to which we have referred, was a party to the suit and the district judge disqualified.   Hodde v. Susan, 58 Texas, 392; Jordan v. Moore, 65 Texas, 366; Railroad Co. v. Terrell, 69 Texas, 650.

We know as matter law that the community estate of Orynski and wife would be liable for any costs that might be awarded against him, and that any adjudged in his favor would belong to that estate, and if in fact no other ground for disqualification of the district judge existed this would be sufficient.

We are further of opinion that article 1092, considered alone or in connection with the Act of January 17, 1879 (Gen. Laws, 1879, 1), does not require that the parties shall have the entire term first ensuing after an action is brought to agree upon a special judge, nor by implication forbid the appointment of one at any time when necessary, if the parties fail to agree upon a person to act as special judge.

The Act of January 17, 1879, shows clearly that it was the intention of the Legislature to furnish a means by which in any emergency a special judge might be selected, or on failure of parties to do this, appointed at the earliest period his services become necessary.

If, however, this were not so the statute as to time when appointment should be made might well be deemed directory, and a strict compliance with it in this respect a matter which the parties might waive.

The parties made no objection to the trial of the cause by the special judge until after the trial, and were it necessary it might well be held that they thus waived all question as to the propriety of the appointment at the time made.   We think the special judge appointed by the Governor has full and legal power to try the cause, and we have no doubt will be willing to do so when satisfied that his appointment was legal.

We can not treat the refusal of the special judge to try the cause as a resignation of the place to which he qualified, and though holding by special appointment he must be held so long as so holding subject to the writ prayed for as fully as would be a district judge who without legal cause for so doing should refuse to proceed with the trial of a cause.

The writ prayed for will therefore issue from this court commanding the special judge to proceed with the trial of the cause named in the motion agreeably to the principles and usages of law.

*Mandate issued.*

Delivered February 26, 1889.