### HEIDELBERG AMUSEMENT CLUB et al. v. MERCEDES LUMBER CO. et al. (No. 5555.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1915.)

1. JUDGES ⟨Key⟩19 — DISQUALIFICATION — SPECIAL JUDGES—MINUTE ENTRIES—WAIVER.

Defendants, by presenting application for continuance to make new parties, waive the failure to make entries in the minutes of the disqualification of the regular judge and the taking of oath by the special judge.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 64–67; Dec. Dig. ⟨Key⟩19.]

2. PARTNERSHIP ⟨Key⟩219 — SUING FIRM AND MEMBERS—DISMISSAL AS TO MEMBER—EFFECT.

Where a partnership and members thereof are sued, an unqualified dismissal as to one of the members, because not served and because of his insolvency, prevents judgment against the firm, and limits it to the members.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. ⟨Key⟩ 219.]

Error from Hidalgo County Court; W. H. Gossage, Judge.

Action by the Mercedes Lumber Company against the Heidelberg Amusement Club and others. Judgment for plaintiff, and certain defendants bring error. Reformed and affirmed.

Amos Rich, of Brownsville, and Alex. Wheless, of Mercedes, for plaintiffs in error. Robt. J. Smith, of Piqua, Ohio, W. H. Gossage, of Edinburg, and Canales & Dancy, of Brownsville, for defendants in error.

MOURSUND, J. The Mercedes Lumber Company, on May 27, 1914, sued Peter Lange, John Lertora, George Marsh, Homer Mack, Alexander Wheless, and Fred Lange, alleging that they compose an unincorporated club or association named or styled the Heidelberg Amusement Club, and that plaintiff had sold defendants certain supplies for said club or association for which there remained due and unpaid the sum of $235.22, for which amount, with interest, judgment was asked. On November 28, 1914, the defendants Peter and Fred Lange, John Lertora, and George Marsh filed an answer, wherein, by exception and plea, they urged the two-year statute of limitation. On the same day defendant Marsh filed a motion

to make additional parties defendant, naming various persons, who, he alleged, were members of the club, and as such jointly and severally liable for the debt due plaintiff. This motion was overruled on the same day. The plaintiff dismissed as to Homer Mack, who had not been served with citation, alleging that he was and had been, since prior to the filing of the suit, hopelessly insolvent. The defendants on said date also filed an answer, containing a general demurrer and a general denial, and the defendant Wheless filed a separate answer, denying liability and pleading that he was not a member of said club and never had been. It appears that on November 28, 1914, a judgment by default was rendered against Peter Lange, John Lertora, George Marsh, Alexander Wheless, and Fred Lange, and also against the Heidelberg Amusement Club. On November 30, 1914, the defendants filed a motion to set aside the judgment, which was dismissed by the court, a lengthy order being entered, wherein it is stated that the pleadings, consisting of the general demurrer and general denial, were filed after judgment was rendered. On April 30, 1915, Peter Lange, Fred Lange, Alexander Wheless, and the Heidelberg Amusement Club filed their petition for writ of error.

[1] Plaintiffs in error contend that the special judge did not qualify by taking the oath of office, and that no entry was made of the disqualification of the regular judge, and therefore the judgment should be reversed. The record does not show that any entry was made concerning the disqualification of the regular judge or to the effect that the oath of office was administered to H. B. Galbraith, the special judge. It is admitted that the county judge was disqualified by reason of having been attorney for plaintiffs, and that said H. B. Galbraith was agreed upon by the parties to try the case. It further appears that appellants made no objection to proceeding with the case on the ground that the proper entries had not been made in the minutes, but on the contrary presented an application to continue the case in order that additional parties could be brought in, which was overruled by the special judge so agreed upon, and also that defendants invoked the rule for costs. No complaint was made on account of the failure to make the entries concerning disqualification of the regular judge, and taking the oath of office by the special judge, until the application for writ of error was filed. We think it must be held that plaintiffs in error, by presenting their application for continuance to make new parties, waived the failure to make said entries. Ford v. First Nat'l Bank, 34 S. W. 684.

[2] It is also contended that error was committed in awarding a judgment against the club, because among the parties sued as members was Homer Mack, as to whom

plaintiff dismissed. The proposition relied upon is that where suit is dismissed as to one member of the firm and a personal judgment rendered against the others, a judgment against the partnership property is without effect. The record shows that plaintiff alleged that Mack was a partner, and it appears from the order dismissing the suit as to him that it was based solely on the grounds of inability to procure service upon him and his insolvency. The dismissal was not qualified in any way, and while it is true that the judgment recites that evidence was introduced, we think, in view of the allegations of the petition and the form of the motion to dismiss, as well as the order thereon, no judgment should have been rendered against the Heidelberg Amusement Club. McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 803; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965; Scalfi v. State, 96 Tex. 559, 73 S. W. 441; Ketelsen & Degetau v. Pratt Bros., 100 S. W. 1172. The judgment will be reformed so as to provide that plaintiff take nothing as against said club. As to the other plaintiffs in error, it is affirmed. As to those defendants who did not appeal, the judgment remains undisturbed. The costs of this appeal will be taxed against plaintiffs in error Peter Lange, Fred Lange, and Alexander Wheless.