PICKETT et al. v. MICHAEL. (No. 7190.)

(Court of Civil Appeals of Texas. Galveston. April 28, 1916. Rehearing Denied May 25, 1916.)

1. JUDGES ⟪⟫15(1)—DISQUALIFICATION—SPECIAL JUDGE.

The selection of a special judge by agreement of the parties, after the trial had proceeded for several days before the regular judge, and upon his statement, as he was about to prepare his instructions, that he would have to undergo a surgical operation the following day, was a nullity, as the regular judge was not disqualified merely by absence, and the acts of the special judge were void.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 48–50; Dec. Dig. ⟪⟫15(1).]

2. JUDGES ⟪⟫19—SPECIAL JUDGE—JURISDICTION—ESTOPPEL TO DENY.

Where the parties elect a special judge where the regular judge is not disqualified, but is absent from any cause, they are not estopped from denying the special judge's jurisdiction.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 64–67; Dec. Dig. ⟪⟫19.]

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Harris County; John A. Read, Judge, and W. J. Howard, Special Judge.

Action between A. B. Pickett and others and Charles L. Michael. Judgment for Michael, and Pickett and others appeal. Reversed and remanded.

Stanley Thompson, of Houston, for appellants.

McMEANS, J. The trial of this case was begun before the Honorable John A. Read, judge of the Sixty-First judicial district court of Harris county, with the assistance of a jury, on the 6th day of May, 1915, and evidence was introduced on the 6th, 7th, and 8th days of May, 1915. At about 11 o'clock a. m., on the 8th, the court excused the jury from further attendance at the trial until the following Monday morning at 9 o'clock, in order that Judge Read might, with the suggestion of counsel for both parties, prepare his instructions to the jury in the form of special issues, which were accordingly prepared. Thereupon Judge Read informed counsel for both parties that on the next day he would have to undergo a surgical operation, and requested them by agreement to select some member of the bar to preside during the rest of the trial, whereupon the parties, upon the following Monday morning, agreed upon and selected the Honorable W. J. Howard as special judge to preside during the further trial of the case; and Judge Howard consenting to so act, the oath required by law was duly administered to him, and the trial proceeded. Judge Howard then read to the jury the charge prepared by Judge Read, presided during argument of counsel, and thereafter received the verdict of the jury, but did not enter judgment thereon, but this was done several days later by Judge Read after he had sufficiently recovered from the effects of the operation to permit him to resume the bench. All these facts are substantially shown by the recitals in the judgment rendered in the case.

[1, 2] This case is before us, in part, upon a suggestion by the appellants of fundamental error apparent upon the face of the record; the contention being that the selection of a judge by agreement of the parties in any case other than where the regular judge is disqualified is a nullity, and that the acts of the judge so selected are without judicial authority and void. It is further contended that when the parties select a special judge, where the regular judge is not disqualified, but is absent from any cause, they are not estopped from denying his jurisdiction. Both these contentions are sustained by the cases of Dunn v. Home National Bank, 181 S. W. 699, and Summerlin v. State, 69 Tex. Cr. R. 275, 153 S. W. 890, and we refer to those cases for the reasons, which, we think, fully sustain the appellants' contentions.

In delivering the instructions to the jury, in presiding over the deliberations of the trial during the argument, and in receiving the verdict, Judge Howard performed material and essential judicial duties in the trial of the case; and we cannot well distinguish this case in its essential features from the cases above referred to.

The judgment must be reversed, and the cause remanded for a new trial. This action obviates the necessity of passing upon the question as to whether the failure of appellants to obtain a statement of facts entitles them to a reversal.

Reversed and remanded.