TEXAS & PACIFIC COAL CO. v. READY.
(No. 736.)

(Court of Civil Appeals of Texas. El Paso.
Nov. 8, 1917.)

1. JUDGES ⬅️15(1) — SPECIAL JUDGE — GROUND FOR SELECTION—"UNWILLING TO HOLD COURT."

Where the regular judge, because of his interest in one of the parties, declined to try the case, but remained at his office and attended to other matters pending, he was not "unwilling to hold court," within Rev. St. 1911, art. 1678, authorizing practicing lawyers to elect a special judge when the regular judge is absent, unable or unwilling to hold court, and the election of a special judge in such case was void.

2. JUDGES ⬅️15(1) — SPECIAL JUDGE — GROUND FOR SELECTION.

Rev. St. 1911, art. 1678, authorizing election of special judge in certain cases, should be strictly construed to preserve the right of litigants to a trial before the regular judge.

3. JUDGES ⬅️50—MANDAMUS ⬅️31—REFUSAL TO TRY CASE.

The mere fact that the regular judge for a personal reason does not desire to try a particular case gives him no right to decline to do so; and, if he does decline, he may be compelled by mandamus to try the case.

4. JUDGMENT ⬅️9—SPECIAL JUDGE—UNAUTHORIZED APPOINTMENT — VALIDITY OF JUDGMENT.

A judgment rendered by a special judge elected without due warrant as provided by Rev. St. 1911, art. 1678, is a nullity.

5. APPEAL AND ERROR ⬅️719(3) — ASSIGNMENT OF ERROR—FUNDAMENTAL ERROR.

Error in electing a special judge in the absence of the conditions for such election provided by Rev. St. 1911, art. 1678, is fundamental, and error need not be assigned.

6. APPEAL AND ERROR ⬅️544(1)—RECORD — BILL OF EXCEPTIONS — FUNDAMENTAL ERROR.

No bill of exceptions is necessary to preserve the question of the illegality of the election of a special judge to try certain cases.

Appeal from District Court, Erath County; J. B. Keith, Special Judge.

Action by Alvin Ready against the Texas & Pacific Coal Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. J. Oxford and Chandler & Pannill, all of Stephenville, and J. R. Stubblefield, of Eastland, for appellant. Hickman & Bateman, of Stephenville, G. B. Turner, T. J. Powell, and Dee Estes, all of Ft. Worth, for appellee.

Statement of Case.

HIGGINS, J. The Texas & Pacific Coal Company appeals from a judgment rendered against it in the district court of Erath county. Hon. W. J. Oxford was the regular judge of that court. The case was tried before Hon. J. B. Keith, special judge elected by the practicing lawyers of the court. The facts in connection with the election of Judge Keith are shown in the court minutes of his election. The minutes read:

"Judge W. J. Oxford, district judge of the Twenty-Ninth judicial district, opened his court on the Monday for the week beginning June 19, 1916, in the regular way, and stated to the bar that there are a number of cases against the Texas & Pacific Coal Company, set for the week, but that he, Judge Oxford, was unwilling to try those cases for the reason that he intended to tender his resignation on September 1st following, and accept employment as attorney for said defendant company. Counsel for the coal company, being present in the court, objected to the court's proposed action, and the judge thereupon suggested to the attorneys present that it would be necessary to elect a special judge, and stated that he, Judge Oxford, had a right to refuse to try any cases against the Texas & Pacific Coal Company, and so feeling and believing, was unwilling to try said cases, and he declined and refused to try the cases set for that week against the Texas & Pacific Coal Company. The following cases against the Texas & Pacific Coal Company were set for trial in said week beginning June 19, 1916. No. 4093, Senti Pacifico v. T. & P. Coal Co. No. 4092, John C. Tidwell v. Same Defendant. No. 4091, Floyd Freeman v. Same Defendant. No. 4090, Gottfried Grabner v. Same Defendant. No. 4158, Alvin Ready v. Same Defendant. No. 4131, Jim Garbugio v. Same Defendant. Judge Oxford read article 1678, Vernon's Sayles' Texas Civil Statutes, and suggested that under that article the attorneys present could proceed to elect a special judge to try the cases set for that week against the Texas & Pacific Coal Company, and thereupon the said W. J. Oxford vacated the bench, and the election of the Hon. J. B. Keith was made by the attorneys present, in accordance with the statute governing election of special judges, and he, the said J. B. Keith, then proceeded to try said cases set for said week during the remainder of said week against the Texas & Pacific Coal Company. And during the remainder of that week the said W. J. Oxford remained in his office in the courthouse and transacted other business on other matters as such district judge, and after the said W. J. Oxford vacated said bench the following proceedings were had: On this the 19th day of June, A. D. 1916, during a regular term of the district court of the Twenty-Ninth judicial district in and for Erath county, Tex., Hon. W. J. Oxford, being unwilling to try the cases set for that week, to which the Texas & Pacific

Coal Company, was a party, vacated the bench, and engaged in the transaction of other business pertaining to his office in the courthouse. The following proceedings were had, to wit: A meeting of the Stephenville bar being called for the purpose of electing a special judge to preside over and discharge the duties of the said district judge in the district court of Erath county, Tex. The following members and practicing attorneys of the Stephenville bar present and participating in said meeting, to wit: R. L. Thompson, J. A. Johnson, Judge J. B. Keith, F. H. Chandler, G. O. Bateman, Wm. Pannill, W. W. Moores, James W. Swain, and B. E. Cook, Thereupon W. W. Moores of the Stephenville bar, was put in nomination and unanimously elected chairman of said bar meeting, and caused the proclamation of the purpose of said bar meeting to be made as the law directs, by the sheriff of Erath county, Tex., and the district clerk then and there made a list of the lawyers present and practicing at this bar. Thereupon Judge J. B. Keith of the Stephenville bar was put in nomination for special judge. Judge J. B. Keith received 10 votes when said ballots were counted, Judge W. W. Moores received 1 vote for said special judge, and after the votes had been counted and registered by the district clerk of Erath county, Tex., thereupon said district clerk proceeded to administer to J. B. Keith, and did administer to him as duly elected special judge of said district court of said county, the oath of office as prescribed by law. To which action of Hon. W. J. Oxford, and the election of a special judge to try the cases against the Texas & Pacific Coal Company the said Texas & Pacific Coal Company, through its counsel, then and there in open court to the said W. J. Oxford, Judge, excepted, on the ground that Judge Oxford was not disqualified and was not absent, unable or unwilling to hold court, but had simply declined to try the cases against the Texas & Pacific Coal Company, which objection was overruled by the court, to which action of the court the said Texas & Pacific Coal Company, through its counsel then and there in open court excepted."

### Opinion.

[1] Upon the threshold of this case, we are met with the contention that the judgment rendered is a nullity for lack of authority on the part of the special judge to act as such. The right of the practicing lawyers to elect a special judge is governed by article 1678, R. S., which confers authority upon them when the regular judge "shall be absent, or shall be unable or unwilling to hold the court." There is no contention, nor is it a fact, that the regular judge was absent or unable to hold the court, so there is no necessity to consider that phase of the statute. Was he unwilling to hold the court? The record discloses that he was present at the court, remained in his office in the courthouse, transacting other business pertaining to his duties as district judge. The record simply shows that the regular judge for personal reasons was unwilling to try the pending cases against appellant, and, believing that he had a right to refuse to try them, did so refuse. How can it be said that a judge is unwilling to hold court when he is present at the court, present in his office in the courthouse, and there transacting busi-

ness pertaining to the duties of his court? A judge so acting cannot be considered as unwilling to hold the court within the meaning and spirit of the statute.

[2] It is the right of litigants that their cases be tried before the judge whom the people have chosen to discharge that important function. The right is valuable. It should not be abridged unless conditions arise which imperatively demand the selection or appointment of a special judge. In determining whether litigants shall be deprived of this right, the statute should be strictly construed, and they should not be required to try their cases before special judges elected by the practicing lawyers of the court, unless some cause exists, clearly recognized by the Constitution or statutes, conferring the right of selection by the practicing lawyers.

[3, 4] It may frequently happen to a regular judge that for some personal reason he may not desire to try some particular case. But this gives him no right to decline to do so. If he does decline, he may be compelled to do so by mandamus. Such a declination, upon his part, to try some particular case or cases, would not constitute an unwillingness to hold his court. It is therefore held, upon the facts reflected by this record, that there was not an unwillingness to hold court upon the part of the regular judge, and therefore no authority existed for the practicing lawyers present thereat to elect a special judge from among their number. The conclusion being reached that under the facts no statutory authority existed for the election of a special judge, it follows that the judgment rendered is a nullity. This question has been considered and passed upon by our courts. Dunn v. Bank, 181 S. W. 699; Summerlyn v. State, 69 Tex. Cr. R. 275, 153 S. W. 890; Pickett v. Michael, 187 S. W. 426; Cohn v. Seenz, 194 S. W. 685; Rosetti v. Benavides, 195 S. W. 208. See, also, Wynn v. Edmondson, etc., 150 S. W. 311. The rule is there recognized that our constitutional and statutory provisions exclude the idea that one other than the regular judge can undertake to exercise judicial authority except in the instances there mentioned, and that a judgment rendered by one so undertaking is a nullity. The cases cited were instances where the parties had undertaken to agree upon a special judge when no fact existed to authorize the selection by agreement of a special judge to try the case instead of the regular judge. Here the lawyers at the court had undertaken to select a special judge when a state of facts did not exist which under the statute would authorize them so to do. The principle involved is the same.

This is an even stronger case. No estoppel is presented arising out of agreement made by the parties, because the record discloses that appellant by its counsel objected

to the selection of a special judge to try the cases pending against it and took an exception thereto.

We do not consider any of the authorities cited by appellee as applicable to the question presented. Some of them are reviewed in Dunn v. Bank, supra, and their distinguishing features pointed out.

[5] In Railway Co. v. Ankenbauer, 175 S. W. 1090, the record disclosed that the regular judge absented himself from the court and was unwilling to transact any of the further business of the court, and this clearly fell within the statute. Some of the authorities to which appellee refers are cases where a special judge agreed upon by the parties was trying a case and at the same time the regular judge was proceeding with the transaction of other business pending before the court, and it was held that they could at the same time transact business properly coming before each of them. In those cases the question of the authority of the special judge to act as such was not in question. The question presented in this case is quite different, and goes to the very foundation of the authority of the practicing lawyers present at the court to confer judicial authority upon an individual, when under the facts there was no statutory or constitutional authority for them to do so. There is no merit in the contention that the question must have been raised by proper assignment of error in the motion for new trial. The error is fundamental, and it makes no difference whether the error has been properly assigned or not.

[6] As to the contention that there is no bill of exception covering the matter, it is sufficient to refer to the minutes to show that exception was taken. If no bill had been taken, it would be immaterial. The record of the election shows the facts, and it is apparent that the judgment rendered by the special judge is a nullity, and the taking of a bill of exception was unnecessary to preserve the appellant's rights. Neither is there any merit in the contention that the facts stated show a mere irregularity of detail in the selection of the judge. Far more is involved than an irregularity of detail.

We do not desire to be understood as in any wise reflecting upon the regular judge by what has been said in the disposition of the question presented. We can readily appreciate the motive which disinclined him to try the appellant's cases. It was prompted by a doubt of the propriety of so doing, in view of the fact that he expected shortly to become appellant's attorney.

In view of the fact that the trial was an unauthorized proceeding, it is unnecessary, and we would perhaps not be justified in passing upon the other questions presented for review, arising out of errors urged to have been committed upon the trial. Dunn v. Bank and Pickett v. Michael, both supra.

Reversed and remanded.

WALTHALL, J., not sitting, being absent on committee of judges assisting the Supreme Court.