### BAILEY BROS. v. LOCHMAN et ux.
### (No. 1313.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1922. Rehearing Denied May 18, 1922.)

1. **Judges** ⚖=19—**One who participated in trial without objection to special judge and applied for a continuance waived failure of minutes to show qualification of judge.**

One who without objection participated in a trial before a special judge and applied for a continuance waived the failure to make entries on the minutes showing the qualifications of the special judge.

2. **Continuance** ⚖=11 — **Denial of continuance on ground that there was no regular jury paneled for the week at which case was set for trial held not error.**

Overruling of defendants' motion for a continuance on the ground that there was no regular jury paneled for the week at which case was called for trial, and the defendants would be required to try the case before a jury not regularly drawn, but summoned by the

sheriff *held* not ground for reversal in the absence of a showing that defendants objected to the trial of the case before the jury summoned by the sheriff except by such motion for continuance, or that they made any effort to have the case reset for a time when there was a regular jury.

**3. Contracts ☜233—Defendants who agreed to pay for services of nurse and expenses incurred liable for expenses of additional nurse without special agreement.**

Defendants, who agreed to pay plaintiff the reasonable value of services rendered as a nurse and expenses incurred were liable for expenses of an extra nurse which became necessary without having expressly agreed to pay therefor.

**4. Husband and wife ☜208 — Husband could recover for services performed by wife as husband's agent.**

Where wife made contract as husband's agent to perform services, and thereafter performed the services, the husband could recover therefor.

Appeal from Stephens County Court; J. W. Darden, Judge.

Suit by J. H. Lochman and wife against Bailey Bros. Judgment for plaintiffs, and defendants appeal. Affirmed.

Harry P. Lawther, of Dallas, and Doyle & Bounds, of Fort Worth, for appellants.

T. Edgar Johnson and C. H. Fulwiler, both of Breckenridge, for appellees.

WALTHALL, J.   This suit was brought by J. H. Lochman and wife, Mrs. J. H. Lochman, against J. F. Bailey and Melton Bailey, and Bailey Bros., a partnership composed of J. F. and Melton Bailey, to recover upon an alleged agreement to pay for the reasonable value of services rendered as nurse and expenses incurred and furnished by Mrs. J. H. Lochman for Oscar Helton; the value of the services rendered and the items of expense incurred amounting in the aggregate to the sum of $457.60.

It is alleged that Mrs. Lochman entered into an agreement with defendants with the consent of her husband and as the agent of her husband, and thereafter ratified, adopted, and confirmed as his contract; that thereupon and by virtue of said contract with defendants, Mrs. Lochman, took charge of Oscar Helton and waited upon, nursed, and cared for him night and day from March 23 until and including April 16, 1920; that during said time she furnished him and herself meals from her own funds; that it was the custom that nurses in caring for patients be furnished their meals. The items were sufficiently itemized and aggregated in amount the sum of $457.60, for which she sued.

Defendants answered by special exceptions, and filed a plea in abatement setting up the provisions of the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz); alleged that, if they ever promised Mrs. Lochman anything in connection with the nursing of Oscar Helton, it was to see that the insurance company paid her for her services; that said promises were verbal, and not binding in law. They further pleaded general denial. The case was tried before a special judge and with the aid of a jury, and submitted upon special issues.

The jury found that Bailey Bros. instructed R. P. Bailey to employ, or have employed, a nurse to wait on Oscar Helton on or about March 23, 1920, and that they would pay for same; that Mrs. Lochman entered into a contract with Bailey Bros. in which it was agreed that she should nurse and care for Oscar Helton through his illness, and agreed with her to pay for all necessary food furnished Oscar Helton during his illness and while under her care; that the reasonable value of the food furnished Helton by Mrs. Lochman during his period of illness was $47.75; that J. H. Lochman agreed and consented to Mrs. Lochman's nursing Oscar Helton after she had made said contract and notified her husband of the terms and conditions of said contract; that it was customary and habitual that nurses be furnished with their food while nursing patients at the time and place Mrs. Lochman nursed Helton; that the reasonable total value of the necessary services rendered by Mrs. Lochman in nursing Helton during his illness amounted to $457.60; that the contract entered into by Mrs. Lochman with Bailey Bros. was entered into by her as the agent of her husband and in his behalf and for his benefit; (submitted at request of defendants) that Jim Bailey (of Bailey Bros.), in employing Mrs. Lochman to nurse Helton, had the authority to bind Mel. Bailey (of Bailey Bros.) in making said contract.

[1] The first proposition presented suggests a want of jurisdiction in this court to hear this case, on the ground that the record shows that Hon. J. W. Darden was the regular county judge of Stephens county, and that the case was tried and judgment rendered by C. J. O'Conner, special judge, while the record does not show that Judge Darden was disqualified, nor that O'Conner was agreed upon as special judge, nor that he took the oath prescribed by law.

The record does show that Darden was the regular county judge, and that O'Conner tried the case and rendered judgment in the case as special judge, and the record is silent as to facts pointed out.

In Shultz & Bros. v. Lempert, 55 Tex. 273, in passing upon that case with a record similar to the one here, the Supreme Court said:

"This objection presupposed that the special judge was selected by agreement, or appointed

by the Governor * * * for this particular case. He may have been elected by the practicing lawyers present, because of the absence or inability of the judge of that district. In the latter case the statute contains no requirement that the facts showing the election and qualification shall be a part of the record of each case tried by that judge, although they are required to be entered on the minutes of the court. * * * Properly the record should in all cases show how the special judge had authority to act; but we are not of the opinion that a party who has, without objection, participated in a trial before one purporting to be special judge, but not purporting to be so by agreement of parties, or by appointment for the special case, can afterwards be heard to object, on appeal, that 'the authority of the special judge does not appear."

In Brinkley v. Harkins, 48 Tex. 225, where the record showed that the case was tried by a special judge without showing how he became so, and where no question was raised upon his authority to hear and determine the case, the Supreme Court said that it was not thought necessary to do more than call attention to the condition of the record, thus assuming jurisdiction, and passed upon the merits of the case.

We have found no case in which the Supreme Court has changed that holding. In Heidelberg Amusement Club v. Mercedes Lumber Co., 180 S. W. 1133, the San Antonio Court of Civil Appeals held that, where defendants made no objection until application for writ of error filed to proceeding with the case on the ground that the proper entries had not been made in the minutes, but made application for a continuance and entered the rule for costs, defendants waived the failure to make said entries. Here appellants made a motion for a continuance, which was overruled, and, so far as the record shows, made no objection to trying the case before the special judge, and the only suggestion made now is that the record here fails to show the disqualification of the regular judge and the qualification of the special judge. We have reviewed the cases referred to by appellants, and think they are not in point.

[2] The second ground of error is based on the action of the court in overruling defendant's motion for a continuance, in which motion it is stated that there was no regular jury paneled for the week at which the case was called for trial, and defendants were required to try the case before a jury not regularly drawn, but summoned by the sheriff. There is nothing in the record to show that either party had made an application for a jury and deposited a jury fee, or made the affidavit of inability to make such deposit. The record does not show that appellants made any objection to the trial of the case before the jury summoned by the sheriff other than as found in the motion for

continuance. The bill of exceptions approved by the court states that there was no regular jury for that week of the term; that at a prior term appellants had agreed to set the case for the day on which it was called for trial, but that in setting the case appellants did not know there was no jury for that week. It does not appear when during the term appellants first knew that there was no regular jury for that week, nor that appellants made any effort to have the case reset for a time when there was a regular jury. The court seems not to have acted arbitrarily in the matter. To us it seems the appellants have no just ground of complaint. Tex. & Pacif. Ry. Co. v. Coggin et al., 44 Tex. Civ. App. 423, 99 S. W. 1052.

There is no merit under the third proposition, as the case does not fall under any provision of the Texas Employers' Act.

The evidence does not sustain appellants' fourth, fifth, or sixth propositions as to variance between pleading and proof and issues submitted.

[3] We think the court sufficiently submitted the issues as raised by the pleadings and evidence. The pleading and the evidence show that Bailey Bros. instructed R. P. Bailey to employ a nurse for Helton, and afterwards Bailey Bros. agreed with Mrs. Lochman that she should nurse and care for Helton, and that a day nurse and a night nurse became necessary during a part of the time of his illness. Mrs. Lochman employed a nurse to assist her during the time it was necessary to have two nurses, and paid for that service. It was not necessary to allege or show that appellants did or did not agree to pay for an extra nurse, as insisted under the seventh assignment.

As we view it, there is no merit in the eighth and ninth propositions. If, before contracting with appellants, or rendering the service of nursing Helton, it was necessary that Mrs. Lochman should have the consent of her husband to make the contract or render the service, Mrs. Lochman testified:

"I told my husband about nursing Oscar Helton. You ask if I asked his permission. I told him they wanted me up there to nurse Mr. Helton, and he said that was all right. * * * My husband, J. H. Lochman, agreed for me to go ahead and nurse Oscar Helton."

[4] The evidence shows that R. P. Bailey (not one of appellants) had previously spoken to Mrs. Lochman about nursing Helton, and the evidence does not show whether the consent of her husband was expressed before or after she was employed by appellants. The employment, whether by R. P. Bailey, or appellants, and the consent of her husband all seems to have occurred on the same day. The plaintiffs were not seeking a specific performance of a contract made by the wife. The contract had been executed by the wife accepting and rendering the serv-

ice as agreed upon and with the consent and as agent of her husband. The following authorities hold that a married woman may act as agent for her husband: Rogers v. Roberts, 13 Tex. Civ. App. 190, 35 S. W. 76; Wetzel v. Simon, 87 Tex. 403, 28 S. W. 274, 942; Presnall v. McLeary (Tex. Civ. App.) 50 S. W. 1066; Crutcher v. Sligar (Tex. Civ. App.) 224 S. W. 227; Speer's Law of Marital Rights, § 158, p. 210.

Finding no reversible error, the case is affirmed.