## MOYE et al. v. HOUSTON OIL CO. OF TEXAS. (No. 1084.)*

(Court of Civil Appeals of Texas. Beaumont. March 25, 1924. Rehearing Denied April 9, 1924.)

**1. Pleading 228—Entering judgment on sustaining special exceptions held proper.**

In suit to set aside an agreed judgment whereby defendants' title to certain lands was quieted, where plaintiffs alleged entry and other facts showing a legal judgment on its face awarding defendants title, and certain other alleged facts as ground for setting it aside, there was no error in entering judgment for defendant, after sustaining its special exception to facts alleged as ground for setting it aside, there being nothing left of plaintiffs' allegations except a showing of a valid judgment against them.

**2. Appeal and error 230—Objection to authority of special judge to try case held waived.**

Where no objection was timely urged to the power and authority of a special judge to try a case, plaintiffs are estopped to urge on appeal that the judge had no authority to try it.

**3. Parties 22—Corporation holding legal title to land held authorized to defend that title.**

A corporation holding the legal title to land could defend that title regardless of any contention that it was acting for benefit of another corporation.

**4. Appeal and error 719(4), 1078(3)—Failure to assign error or advance proposition held waiver of claimed error.**

Where plaintiffs brought forward no assignments of error or propositions complaining of trial court's sustaining special exception to their petition, nor advanced argument against the ruling, it was not reviewable.

Appeal from District Court, Hardin County; J. M. Combs, Judge.

Suit by Drew Moye and others against the Houston Oil Company of Texas. Judgment for defendant, and plaintiffs appeal. Affirmed.

B. L. Aycock, of Kountze, for appellants.
Kennerly, Williams, Lee & Hill, and Andrews, Streetman, Logue & Mobley, all of Houston, for appellee.

WALKER, J. [1]. The purpose of this suit, on the allegations on which appellants went to trial, was to set aside an agreed judgment in cause No. 4064, Richardson et al. v. Houston Oil Company et al., on the docket of the district court of the Seventy-Fifth judicial district, Hardin county, wherein appellees and their privies were quieted in their title and possession of a certain tract of 80.7 acres of land in Hardin county against any adverse claim on the part of appellants. Appellants alleged the entry of the judgment, the parties thereto, and other facts showing a legal judgment on its face awarding to appellees and their privies the land and divesting appellants and their privies of all title thereto; also they further alleged certain facts as a ground for setting that judgment aside. The trial court sustained special exceptions to all allegations of fact attacking the judgment, and, as appellants declined to amend, judgment was entered against them in favor of appellees, in substance and effect as follows:

"And it appearing to the court that cross-defendants' demurrers numbered 5 to 20, inclusive, in their second amended original answer filed herein, July 24, 1923, and adopted in their third amended original answer filed herein August 3, 1923, are well taken and should be sustained.

"It is therefore ordered, adjudged and decreed by the court that cross-defendants' demurrers numbered 5 to 20, all inclusive, are in all things hereby sustained. Whereupon, cross-plaintiffs having then and there in open court refused to amend their pleadings herein filed, it is ordered, adjudged and decreed by the court that said cross-plaintiffs' pleadings herein filed should be and the same are hereby dismissed, as same state no cause of action against cross-defendants.

"And there being no pleadings by said cross-plaintiffs setting up any facts showing them entitled to have said judgment in cause No. 4064, J. W. Richardson et al. v. Houston Oil Company of Texas et al., set aside, annulled, or vacated, and, there being no pleadings by the cross-plaintiff Drew Moye showing him entitled to recover any damages of whatsoever character by reason of said injunction heretofore issued out of this court restraining him from cutting timber upon the land and premises awarded to cross-defendants in said judgment in No. 4064, J. W. Richardson et al. v. Houston Oil Company of Texas et al., and cross-defendants having moved for judgment that cross-plaintiffs take nothing against cross-defendants upon said pleadings, it is ordered, adjudged and decreed that said motion be, and it hereby is, in all things sustained; and it is therefore accordingly ordered, adjudged and decreed that said cross-plaintiffs, and each of them, take nothing by their suit herein, and that the cross-plaintiff Drew Moye take nothing by his suit herein. It is further ordered by the court that the cross-defendants recover of and from the cross-plaintiffs all costs in this behalf incurred for which execution may issue."

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 21, 1924.

The court did not err in entering judgment that appellants take nothing on their action to set aside the judgment. When the special exceptions were sustained to their pleadings, nothing was left of their allegations except a showing of a good, valid, and subsisting judgment against them, vesting in appellees and their privies the 80.7 acres of land, and, as they declined to amend, no other judgment could have been entered. Black on Judgments (2d Ed.) § 707, citing Gould v. Evansville, etc., 91 U. S. 526, 23 L. Ed. 416, announces the following rule:

"But, on the other hand, a judgment on a demurrer which goes to the merits, disposing of the whole cause of action, is affirmed by all the authorities to be a bar to a subsequent suit upon the same claim or demand, as completely so as though the action had been submitted to a jury and a verdict and judgment had thereon. The United States Supreme Court, investigating the whole subject with care and thoroughness, has reached the conclusion that the authorities establish the two following propositions: 'First, that a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. Second, that if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration, for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless."

[2] No error is apparent from the fact that this case was tried in the Seventy-Fifth district (Hardin county) by the regular Judge (O'Brien) of the Fifty-Eighth district (Jefferson county). It is made to appear that the regular judge of the Seventy-Fifth district was disqualified to try this case, and that it came on for trial before the judge of the Fifty-Eighth district sitting as judge in the Seventy-Fifth district without exception or objection by appellants. Without a further showing all objections and exceptions to the power and authority of Judge O'Brien are considered waived, and it must be presumed that he was in the regular discharge of his duties under one of the statutory provisions authorizing him to preside in the Seventy-Fifth district. As no exceptions were timely offered, appellants are now estopped from advancing and urging a proposition that Judge O'Brien had no authority to try this case. Shultz v. Lempert, 55 Tex. 280; Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; Ford v. Bank (Tex. Civ. App.) 34 S. W. 684; Davis v. Bingham (Tex. Civ. App.) 46 S. W. 840; Railway Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 136; Corsicana v. Kerr, 75 Tex. 207, 12 S., W. 982; Bailey Bros. v. Lochman (Tex. Civ. App.) 241 S. W. 626.

[3] There is no merit in appellants' following proposition:

"That the court (Judge O'Brien) erred in dismissing the cross-action in the case No. 4167, he holding that a corporation, the Houston Oil Company of Texas, without corporate powers to bring suit for other corporations, brought the cross-action first mentioned for the benefit of the Kirby Lumber Company. This in the friendly suit between J. W. Richardson et al., and numbered 4064."

There are no pleadings to sustain appellants' contention that the Houston Oil Company could not be sued. Appellants instituted the suit against the Houston Oil Company in the case in which the agreed judgment was entered, and we do not know of any provision of law that inhibited the Houston Oil Company from defending the suit. The character of its title to the land could have been inquired into but for the agreed settlement. Having recovered the property, it was free to hold it or make any other disposition which best served its interests. It does not appear from appellants' statement exactly what is meant by their proposition that the suit was brought "for the benefit of the Kirby Lumber Company." If the Houston Oil Company was holding the legal title to the land, certainly it had the right to defendant that title. The relation between it and the Kirby Lumber Company could be of no interest to appellants after they had parted with their title, whatever it was, to the Houston Oil Company.

[4] Appellants say they do not waive the errors committed by the trial court in sustaining the special exception, but they have brought forward no assignments of error or proposition complaining of such ruling, nor do they advance any argument here against it.

The judgment of the trial court is in all things affirmed.