## BULLOCK & BLASSINGAME v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. (No. 3706.)

Court of Civil Appeals of Texas. Texarkana. May 30, 1929.

T. H. Briggs, of Gilmer, for plaintiff in error.

W. R. Stephens and C. E. Florence, both of Gilmer, for defendants in error.

HODGES, J. The plaintiffs in error filed four suits in the justice court to recover damages for injuries to cattle shipped on four different occasions from Bettie, Tex., to Fort Worth. Upon motion in the justice court, those cases were consolidated and tried as one, resulting in a judgment for the sum of $148.62, the aggregate amount sued for. Defendants in error appealed to the county court, and, in a trial before a jury, a judgment was rendered in their favor.

It appears from the record and from the brief of the plaintiffs in error that, on account of the disqualification of the county judge, the case was tried before the Honorable W. W. Sanders, as special judge appointed by the Governor. One of the complaints made in this appeal is that the judgment of the county court is void because there was no record entry on the minutes of the court showing the appointment and qualification of the special judge, as required by article 1934 of the Revised Civil Statutes. It is not contended, however, that the special judge was not regularly appointed, or that he had not qualified as required by the statute. The particular objection, which seems to have been made for the first time in this court, is that the record of his appointment and qualification was not entered on the minutes of the court. That entry was not a prerequisite to his authority to exercise the functions of a judge under the appointment of the Governor. The record shows that the plaintiffs in error participated in the trial below without objection to the appointment or to the failure of the clerk to make the necessary entries in the minutes. They are for that reason now in no position to complain of the omissions referred to. Shultz v. Lempert, 55 Tex. 273; Schultze v. McLeary, 73 Tex. 94, 11 S. W. 924; Texas Cent. Ry. Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 134. The judgment recites the necessary facts showing that the special judge had been regularly appointed and had qualified as required by law. This we think was sufficient in the present state of the record. Temple Compress Co. v. De More (Tex. Civ. App.) 42 S. W. 778; Jenkins, Administrator, v. American B. H. O. & S. M. Co. (Tex. Sup.) 2 S. W. 726.

There was no error in refusing the special charge consisting of a series of interrogatories requested by the plaintiffs in error.

Error is assigned to the refusal of the court to admit in evidence an instrument referred to as the "account of sales," which was

offered for the purpose of proving the market value of the cattle in Fort Worth. The bill of exception does not disclose the contents of the instrument offered, nor does it show the ground upon which the objection was made and sustained. Therefore we are unable to say that there was any error or injury in the exclusion of the instrument. For a similar reason we cannot say that the court erred in excluding testimony of witnesses referred to in other assignments. The bills relied on do not state the nature of the objection or ground upon which it was based. First Nat. Bank v. Smith (Tex. Civ. App.) 160 S. W. 311; Grinnan v. Rousseaux, 20 Tex. Civ. App. 19, 48 S. W. 58, 781; M., K. & T. Ry. Co. v. Jarrell, 38 Tex. Civ. App. 425, 86 S. W. 632; Southwestern Tel. & Tel. Co. v. Pearson (Tex. Civ. App.) 137 S. W. 733; Cheek v. Herndon, 82 Tex. 152, 17 S. W. 763; McAuley v. Harris, 71 Tex. 631, 9 S. W. 679.

The judgment will be affirmed.