## COMPERE v. GIRAND.

### No. 885.

Court of Civil Appeals of Texas. Eastland. Sept. 18, 1931.

Rehearing Denied Oct. 16, 1931.

Davidson, Doss & McMahon, of Abilene, for appellant.

Victor H. Lindsey, of Lubbock, for appellee.

LESLIE, J.

The plaintiff, Mrs. Ida Compere, instituted this suit against W. D. Girand to recover upon a promissory note of date May 3, 1928, payable to the order of C. C. Compere, now deceased. The note is in the sum of $300, bears interest, and provides for attorney's fees. The defendant Girand, among other things, answered that he performed various legal services for the said C. C. Compere during his lifetime, each being of the certain value alleged, and in addition rendered him other services by way of advice, consultations, etc., during a period of some two and a half years prior to his death. These services were alleged to be of a reasonable value of $250 per

year. The case was tried before the court without a jury, and the court rendered a judgment in favor of Mrs. Compere, the appellant, on said note, but credited the amount of that judgment with the sum of $270 and entered judgment finally in favor of appellant in the amount of $63.68, with costs of suit. From this judgment the appeal is taken, and the record contains findings of fact and conclusions of law, as well as a statement of facts.

■ The first proposition by which the appellant seeks to reverse the judgment is to the effect that, since it affirmatively appears from the undisputed evidence that the appellee (defendant), as attorney for C. C. Compere, deceased, had no contract with reference to the payment for his services rendered on an annual basis, it was error to admit proof of the reasonable value of services rendered by the appellee as a practicing attorney to the said C. C. Compere, which reasonable value is based upon the annual basis of services as such attorney.

The form of the question is technically objectionable for the reasons assigned, but we are unable to see that the defendant's rights have been prejudiced thereby. True, the appellee was asked to state the reasonable value of his services per year, but, under the pleadings and the testimony, had he inquired the reasonable value of the two years' services rendered the deceased, no objections could properly have been made to the same. The question actually propounded called for an answer on the basis of annual services, but it covered the same ground, no more nor less, than had the question been put as above suggested. The answer elicited by either form of the question is, and necessarily would amount to, the same. The trial court evidently considered all the testimony, and while the judgment rendered on the cross-action is considerably less than the amount claimed by the appellee, it is nevertheless supported by the pleadings and the testimony, and should be affirmed.

The second proposition is the same in substance as the first. The same question is raised at different stages of the trial. Both are overruled, and the judgment is affirmed.

### On Rehearing.

The appellant, in a motion for rehearing, for the first time urges that the record in this cause presents fundamental error requiring this court to set aside its judgment heretofore rendered in pursuance of the original opinion delivered in this cause. It is contended that the judgment of the trial court, and consequently of this court, is a nullity, since the cause was tried before a special judge agreed to by the parties, and not a regularly elected or appointed judge. The transcript shows that the cause was tried at a regular term of the county court of Taylor county before the Honorable W. E. Lessing, special judge, who was appointed to try the cause by virtue of an agreement of the parties. The judgment was signed by said Lessing as special judge, and the judgment recites: "On this the 26th day of January, 1931, came on to be heard the above entitled and numbered cause before the Hon. W. E. Lessing, Special Judge, agreed to between the parties," etc. This is all the record shows concerning the point raised, and it fails to show that the regular judge of the county court was disqualified, or the cause of such disqualification, if any.

From the foregoing the appellant contends that fundamental error is conclusively established under the following authorities: Pickett et al. v. Michael (Tex. Civ. App.) 187 S. W. 426; Dunn v. Home National Bank (Tex. Civ. App.) 181 S. W. 699; Grogan v. Robinson (Tex. Civ. App.) 8 S.W.(2d) 571.

The record discloses that the cause came on for hearing before the Hon. W. E. Lessing, "special judge agreed to by the parties and duly qualified to try said cause." If the authority to try the cause existed in the special judge, it must be derived from the record as indicated, and the implications or presumptions arising therefrom, when considered in the light of the conduct of the litigants who voluntarily appeared and tried the cause before the special judge, without offering any objections for so doing.

The point emphasized in the motion is that: "In the instant case it will be noted that, in no part of the record is there any showing whatever as to the disqualification of Hon. Tom K. Eplen, the regular judge of said court." It will be observed that the objection does not affirm that said Eplen was not disqualified.

■ In our opinion the authorities above cited, and relied on by appellant as establishing fundamental error in the record before us, do not necessarily support appellant's proposition. In truth, they have no application to the facts of this record. Under the Constitution, art. 5, § 16, and the authorities there cited, as well as article 1930, R. S. 1925, providing for appointment of a special judge by consent of the parties, there can be but one occasion when the parties are authorized, through a mutual consent, to "appoint a proper person to try the case," and that occasion is when the regular judge is disqualified for a constitutional or statutory reason. Constitution, art. 5, §§ 11 and 16; Bailey v. Triplett Bros. (Tex. Civ. App.) 278 S. W. 250; Summerlin v. State, 69 Tex. Cr. R. 275, 153 S. W. 890. Under other circumstances the selection of the judge by agreement would be but an effort to confer jurisdiction by agreement, and such cannot be done. There

are many cases to that effect, as may be seen from the authorities just cited.

Referring now to the above authorities relied on by the appellant, we find that, in the Pickett Case, the regular judge was unable to discharge his official duties because of "the necessity of having an operation performed." In the Dunn Case the regular judge was "quarantined," and in the Grogan Case the regular judge left town. In each case the record affirmatively showed that these were the sole circumstances respectively which prompted the parties to appoint a special judge by agreement. The necessity of an operation, being quarantined, and leaving town have never been made matters of disqualification of a regular judge by either the Constitution or the statutes. Hence, in the cases cited the record in each affirmatively discloses that there was no disqualification and therefore no legal basis authorizing the parties "to appoint a proper person to try the case." Bailey v. Triplett Bros., supra; Pickett v. Michael, supra; Texas & P. Coal Co. v. Ready (Tex. Civ. App.) 198 S. W. 1034. Evidently appellant's authorities do not support the contention made.

We do not agree that the record discloses fundamental error and justify that conclusion by the following reasons:

The pertinent portion of section 16, art. 5, of the Constitution of Texas (Vernon's Annotated Constitution), provides: "When the judge of the County Court is disqualified in any case pending in the County Court the parties interested may, by consent, *appoint a proper person to try said case*, or upon their failing to do so a competent person may be appointed to try the same in the county where it is pending in such manner as may be prescribed by law." (Italics here and elsewhere ours.)

Article 1930, R. S. 1925, provides that: "When a judge of the trial court is disqualified, the parties may, by consent, appoint a proper person to try such case." The disqualifying circumstances are well known and may be seen by reference to section 11, art. 5, of the Constitution. The above provisions set forth the circumstances under which the litigants may *appoint* a proper person to try the case.

Article 1931, R. S. 1925, provides: "Whenever a judge of the county court is disqualified to try a civil case pending in the county court, and the parties shall fail at the first term of the court to agree upon a special judge, the judge shall certify his disqualification to the Governor and the failure to agree upon another to try the same, whereupon the Governor shall appoint some person, learned in the law to try such case."

Articles 1932 and 1933, following, prescribe certain rules with reference to special judges in the event of the disqualification of the reg-

ular judge. They are not material here, and together with the articles quoted they refer or relate to the subject of a special county judge in the event of disqualification of the regular judge.

Article 1934 of the same statute relates to a different situation, and what may there be done is not predicated upon the disqualification of the regular judge. This article provides: "If a county judge *fails to appear* at the time appointed for holding the court, or should he be absent during the term or *unable or unwilling* to hold the court, a special county judge may be elected in like manner as is provided for the election of a special district judge. The special county judge so elected shall have all the authority of the county judge while in the trial and disposition of any case pending in said court during the absence, inability, or such refusal of the county judge. Similar elections may be held at any time during the term, to supply the *absence, failure or inability* of the county judge, or any special judge, to perform the duties of the office. When a special county judge shall have been *so elected*, the clerk shall enter upon the minutes of the court, a record such as is provided for in like cases in the district court."

Under the circumstances mentioned in this article, and especially in the first sentence thereof, "a special county judge may be elected in like manner as is provided for the election of a special district judge," which is to say that he may be elected in the manner provided for the election of special judges for similar reasons, as set out in articles 1887 to 1893, both inclusive; articles 1891 and 1892 specifying the duties of the clerk to enter a record of such election in the minutes of the court. Of course, no question of the disqualification of the regular judge arises under these circumstances, and to make the connection plain we here set out article 1887, R. S. 1925: "Should the judge of a district court on the first or any future day of a term, fail or refuse to hold the court, the practicing lawyers of the court present may elect from among their number a special judge who shall hold the court and proceed with the business thereof."

Adverting to article 1934, above, we find the last sentence thereof as follows: "When a special county judge shall have been *so elected*, the clerk shall enter upon the minutes of the court, a record such as is provided for in *like cases* in the district court." From these provisions we gather that, when a special county judge has been *so elected* by the attorneys, it is then made the duty of the clerk of the county court to record the proceedings thereof in the minutes of the county court the same as is required by article 1891, R. S., which prescribes the character of record that the district clerk must make when a special judge of the district court is elected by the lawyers under the circumstances neces-

sitating such an election. Article 1887. This record by the county clerk is when the special county judge has been so elected. Article 1934. And, however desirable or appropriate it might be for the clerk to do so, the statutes nowhere require that the clerk of the county court make such entries upon the minutes of that court where the parties, by consent, *appoint* a person to try the case (article 1930), in the event of the disqualification of the regular judge. There seems to be no such omission with reference to these duties of the clerk where the parties, by consent, appoint a special district judge in case of disqualification (article 1886, R. S.), nor under circumstances where the bar *elects* such special district judge (article 1891).

Hence, in considering the exact point raised in the motion for rehearing—that at no point in the record is there any showing as to the disqualification of the regular judge—we are confronted with the situation that there is no statute requiring the clerk to make a record of such matter where a special county judge is appointed by agreement to try a case under circumstances when the regular judge is disqualified.

This would seem to be sufficient to justify the court in overruling the appellant's contention, as it is aimed at omissions in the record, or a failure in the minutes of the court to show the disqualification of the regular judge.

Further, upon the point raised, the opinion in the case of Bailey Bros. v. Lochman et ux. (Tex. Civ. App.) 241 S. W. 626, would require that appellant's motion for rehearing be overruled. The record in that case showed that the Honorable J. W. Darden was the regular county judge of Stephens county, and the case was tried and judgment rendered by C. J. O'Conner, special judge, while the record did not show that Judge Darden was disqualified, nor that O'Conner was agreed upon as the special judge, nor that he took the oath prescribed by law. In the court below the appellant made a motion for continuance which was overruled, and, so far as the record shows, made no objection to trying the case before the special judge. It appears that the only objection made in the appellate court was that the record failed to show the disqualification of the special judge. Upon the record and in view of the facts stated, the contention was overruled.

There are, however, other cogent reasons for our ruling in this case. In view of the state of the record and the conduct of the parties in trying the case before the special judge without objection, and in objecting for the first time in this court that the minutes of the trial court failed to show the disqualification of the regular judge, and the appointment of the special judge, the language of our Supreme Court, through Stayton, Chief Justice, in the case of Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924, 925, is pertinent.

There the authority of the special judge is questioned in a case where the disqualification of the regular judge appears, and the court used this language: "The parties made no objection to the trial of the cause by the special judge until after the trial, and, were it necessary, it might well be held that they thus waived all question as to the propriety of the appointment at the time made."

In the case of Hess v. Dean, 66 Tex. 663, 2 S. W. 727, the court had before it a transcript showing the case was tried before a special judge, and the judgment recited that the regular judge was disqualified, and that the special judge was appointed by the governor to try the case. As to other matters relating to the authority of the special judge to act, the transcript was silent. Upon the question of fundamental error suggested, the court, through Willie, C. J., used this language: "We think that where the record shows these facts, and the parties have submitted to the jurisdiction of the special judge, and have assigned no error here that questions it, we may presume that the appointment was regular, and take jurisdiction of the cause."

In the Hess Case the transcript disclosed the trial before the special judge, that the regular judge was disqualified, and that the Governor appointed the special judge. Clearly in such a case showing disqualification of the regular judge, the proper procedure was for the parties to appoint by agreement a proper person to try the case (article 5, §§ 11 and 16, Constitution), and upon their failing to do so, that fact and the disqualification of the regular judge should have been certified by him to the Governor, who was then authorized to appoint someone to try the case. Article 5, §§ 11 and 16, supra, and article 1931, R. S. 1925. Based upon this showing from the transcript, the court used the language above quoted.

If these facts form the basis of the presumption that (1) the parties failed to agree on a special judge, and (2) that by reason thereof the regular judge certified that fact, (3) together with his disqualification, to the Governor, who, in pursuance thereof, (4) appointed a special judge, then we see no reason why, in the instant case, where the parties agreed to the special judge and tried the case before him without objection (until the motion for rehearing), a like presumption should not arise by virtue of the record and recited facts, to the effect that the disqualification of the trial judge would be presumed as a prerequisite to the appointment of the Honorable W. E. Lessing, special judge, by agreement of the parties.

In Brinkley v. Harkins, 48 Tex. 225, wherein no question was raised below upon the authority of the special judge to hear and determine the case, and the record did not show how he became special judge, the Supreme

Court did not dismiss the appeal taken from the judgment rendered by such special judge, but assumed jurisdiction and passed upon the merits of the case. The opinion was by Roberts, C. J.

That such a presumption may be indulged in the state of this record we cite Early v. State, 9 Tex. App. 476, Smith v. State, 24 Tex. App. 290, 6 S. W. 40. The syllabus in the Early Case states the pertinent facts of the record, as well as the holding of the court. It is as follows: "'Now on this day came the State and the defendant, by their attorneys, and * * * agree that W. H. A., an attorney of this court, shall preside as special judge for the trial of this cause; whereupon the said W. H. A. is now duly sworn according to law as special judge to try this cause.' *In the absence of anything appearing to the contrary, this court will presume that the regular judge was disqualified by some statutory cause, and that the special judge was selected for that reason, and that the proper oath was administered to him as such judge.*"

This opinion was cited with approval in the Smith Case and the presumption stated in the excerpt from the syllabus is the one which is indulged here in favor of the authority of the special judge to try the instant case.

That the evidence of such jurisdictional matters may be supplied by presumptions, in certain cases when the record supplies other and essential facts, may be seen from the opinion of our Supreme Court in Shultz & Bro. v. Lempert, 55 Tex. 273, 279. It is there said: "Appellants say there is fundamental error because the case appears to have been tried by a special judge, and the record nowhere shows the disqualification of the district judge, or the agreement authorizing the special judge to sit. This objection presupposes that the special judge was selected by agreement, or appointed by the governor for the trial of this particular case. *He may have been elected by the practicing lawyers present, because of the absence or inability of the judge of that district.*"

Here it will be observed that, where the record was silent as to the source from which the special judge derived his authority, the Supreme Court presumed that he had been elected by the bar and held that, as the parties had submitted to the jurisdiction, neither of them could question it upon appeal. Evidently in that case the objection does presuppose that the special judge was selected by agreement or appointed by the Governor after the parties were unable to agree upon a special judge, and further presupposes, as we think, that the regular judge was disqualified. The presumption there indulged covers considerable ground. The instant case furnishes greater reason for its indulgence.

Aside from the fact that there is no statute requiring the county clerk to enter in the minutes of the county court matters which the appellant here contends should appear of record (Bullock & Blassingame v. St. Louis S. W. Ry. Co. [Tex. Civ. App.] 18 S.W.(2d) 722), it may be seen from the following authorities, as well as those cited, that the actual entry in the minutes of the facts of the regular judge's disqualification and the selection of the special judge to take his place are matters commonly waived, were it conceded that the statute required their entry in such cases: Bailey Bros. v. Lochman et ux. (Tex. Civ. App.) 241 S. W. 626, 627; Moye et al. v. Houston Oil Co. (Tex. Civ. App.) 260 S. W. 294; Heidelberg Amusement Club v. Mercedes Lbr. Co. (Tex. Civ. App.) 180 S. W. 1133; Ellerd v. White (Tex. Civ. App.) 251 S. W. 274; Bullock & Blassingame v. St. Louis & S. W. Ry. Co., supra; Texas Cent. Ry. Co. v. Rowland, 3 Tex. Civ. App. 158, 22 S. W. 134, 136; Davis v. Bingham (Tex. Civ. App.) 46 S. W. 840.

For the reasons assigned, the motion for rehearing is overruled.